Martin, J.
The purpose of this action was two-fold: First, to set aside conveyances of the premises described in the complaint, made by the defendant Nathan Brownell to the defendant Fuller, and by the defendant Fuller to *700 Mrs. Brownell, on the ground that they were fraudulent and void as to the creditors of the defendant Nathan Brownell; and, second, to have the general assignment for the benefit of creditors made by the defendant Nathan Brown-ell to the defendant Morgan adjudged fraudulent and void as to the plaintiffs. The actions were brought by the plaintiffs as judgment creditors of the firm of N. Brownell & Son. Nathan Brownell was a member of that firm.. The basis of the plaintiffs’ action was the fraudulent intent with which both said conveyances and the assignment were alleged to have been made. The only disputed question in this case was whether such conveyances and assignment were made to hinder, delay, and defraud the creditors of Nathan Brownell, or whether they were made in good faith. The referee found that the conveyances of the farm were made in good faith, upon a full and valuable consideration, and to perfect a title of record in Mrs. Brownell to the lands conveyed, which lands had been owned by her since 1873, subject only to a contract of sale held by Nathan Brownell, and upon which there was due Mrs. Brownell, and unpaid, an amount which exceeded the full value of the farm at the time the conveyances were made. He also found that the assignment was not made to hinder,'delay, or defraud the plaintiff, or any of the creditors of Nathan Brownell, or any of the creditors of the firm of Nathan Brownell & Son, but that it was in good faith.
A careful examination of the evidence in this case has led us to the conclusion that the findings of the learned referee are abundantly sustained by the proof, and that his decision, and the judgment entered thereon, should be upheld, unless some of the exceptions to his rulings on the admission or rejection of evidenpe require a reversal of the judgment. The plaintiffs claim no error in that respect, except that the referee improperly admitted the evidence of the defendants Fuller and Nathan and Rosella Brownell as to transactions or communications between the defendants and Calvin Hubbard, who ivas the former owner of the lands in question, from whom Mrs. Brownell derived her title, and who was also the vendor in the contract held by the defendant Nathan Brownell, and grantor in the deed given in 1876, to Nathan and Rosella Brownell. The plaintiffs’ claim that this evidence was improperly received is based on the provisions of section 829 of the Code of Civil Procedure. 1 The plaintiffs were neither the personal representatives nor “survivors” of Calvin Hubbard, deceased, and it is not apparent to us how, as judgment creditors of the firm of N. Brownell & Son, they can be regarded as having derived any title or interest from, through, or under Calvin Hubbard by assignment, or otherwise. The plaintiffs had no title to the farm in question, nor had they derived any interest in it from, through, or under Calvin Hubbard. We do not think the evidence objected to was prohibited by that section. . We are of the opinion that this case was properly decided by the referee; that he committed no error in the admission of evidence which would justify a reversal of the judgment herein; and that the judgment appealed from should be affirmed. Judgment affirmed, with costs. All concur, except Follbtt, J,, not voting.