## ST. LOUIS REFRIGERATOR & WOODEN GUTTER COMPANY *v.* LANGLEY.

### Opinion delivered July 9, 1898.

1. FORFEITED LAND—DONATION—OVERDUE TAX SUIT.—During the pendency of an overdue tax suit to set aside a forfeiture of certain land for taxes, the commissioner of state lands had no authority to issue a donation certificate and deed based upon such forfeiture.    (Page 51.)

2. ' OVERDUE TAX SALE—TITLE.—Until the period of redemption from overdue tax sales expired, the state, by purchase thereat, acquired no

title which the state land commissioner had power to convey. (Page 52.)

3. AFTER-ACQUIRED TITLES—STATE AS GRANTOR.—The statute which provides that titles afterward acquired by the grantor in a deed shall pass to his grantee (Sand. & Dig., § 699) has no application to conveyances made by the state. (Page 52.)

4. DONATION DEED—EFFECT.—A donation deed issued by the state land commissioner is a quit-claim deed, and conveys only such title as the state had at the time it was executed. (Page 52.)

Appeal from Clark Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

## STATEMENT BY THE COURT.

This suit was begun in ejectment for eighty acres of land. Afterwards an amendment to the complaint was filed, and the case, on motion of the plaintiff, was transferred to chancery, where the defendant filed an answer, and the cause was heard, and decree rendered, and this appeal prosecuted.

The special findings of fact by the court are full enough to outline the contention of both parties. Substantially, they are as follows: That the eighty acres of land in controversy were forfeited, sold, and duly certified to the state for taxes of 1873–1875. That on May 23, 1882, the commissioner of state lands granted to appellee a homestead donation certificate, and on proper proof, on October 4, 1883, executed to him a donation deed for said land, which deed was recorded January 30, 1893. That immediately after May 23, 1882, appellee entered upon said lands and remained, by himself and his tenants, in the actual and visible possession of same until December 1, 1892, assessing and paying all taxes thereon, when appellant took possession thereof, claiming title by the following chain, viz: That on April 19, 1892, "an overdue tax" suit was instituted in Clark county, in which said land was included. That same was, according to law, by the chancery court, condemned to be sold for the taxes of 1873–1875, costs, etc., and under said decree a sale was had October 2, 1882, and said land was then sold to the state for the said taxes, costs, etc., due thereon, which sale was duly confirmed by said court, and afterwards duly certified to the state land office. That on June 5, 1886,

*a*

the state, by its said commissioner, conveyed by "overdue tax deed" said lands to J. A. Smith, which deed was recorded September 3, 1887. That on September 9, 1887, said Smith, by his warranty deed, conveyed same to appellant, which deed was recorded September 10, 1887. That neither said Smith nor appellant had any actual notice of the claim of appellee, and both were purchasers in good faith for a valuable consideration.

The court found, as matter of law, that appellee's title was prior and superior to that of appellant. That appellee's damages, by reason of the cutting of timber from the land, was $188.15, and for all other damages, $150.00; which amounts were decreed to him, less $8.64 for taxes paid by appellant. Appellant excepted, and appealed to this court.

*J. H. Crawford*, for appellant.

He who purchases land bid in by the state at an overdue tax sale has a better title than one who claims under a donation certificate issued pending said overdue tax litigation. Act March 12, 1881, §§ 2, 3, 6, 7, 15; 13 S. W. 597. It is the general policy to uphold overdue tax titles, when the sale is regular. 49 Ark. 336; 53 Ark. 430, *ib.* 445: *ib.* 449; 57 Ark. 423; 63 Ark. 1. A purchaser *pendente lite* take subject to the decree. 11 Ark. 411; 12 *ib.* 564; 29 *ib.* 358; 36 Ark. 217; 57 Ark. 97; *ib.* 229; *ib.* 573; 45 Ark. 420; 21 Ark. 131, 136. The state and its grantees will not be estopped by the unauthorized acts of its public officers. 39 Ark. 580, 583; 40 Ark. 251, 256; 42 Ark. 118, 121; 1 Gill (Md.), 430; S. C. 39 Am. Dec. 658; 34 Ark. 590, 596. The state is not included in the act of the legislature making an after-acquired title inure to the benefit of one to whom a conveyance had been made of property not the grantor's at the time of so conveying. Sand. & H. Dig. § 699; 32 Ark. 43, 511; 61 Ark. 407, 409; 36 Ark. 158, 159.

*T. J. Langley*, pro se.

The after-acquired title inured to the benefit of appellee. Mansf. Dig., § 642; 33 Ark. 251; 15 Ark. 73. The titles being derived from the same source, the elder must prevail.

41 Ark. 17; 44 Ark. 5, 17. Appellant should have commenced proceedings to set aside appellee's deed within two years. Mansf. Dig. §§ 4475, 5791; 32 Ark. 131.

WOOD, J., (after stating the facts.) Both parties to this litigation deraign title from the state—the appellant through an overdue tax deed dated June 5, 1886, and the appellee through a donation deed dated October 4, 1883. The question is, who has the fee simple title?

Section 2, act March 12, 1881, provides for the filing of the complaint in an overdue tax suit, and that the clerk should enter on the record of the court an order to the effect that "all persons having any interest in said lands, or any of them, are required to appear in said court within forty days from that date, then and there to show cause, if any they can, why a lien shall not be declared on said lands for unpaid taxes, and why said lands should not be sold for non-payment thereof." Section 3 provides for the publication of said order, and that "such publication shall be taken to be notice to all the world," etc. Section 6 provides for special notice to the state by service of summons on its auditor. Section 7 provides that "in all cases where it shall be made to appear that the lands described in the complaint have been sold or forfeited to the state, the court shall inquire whether such sale or forfeiture was sufficient in law to vest a title in the state; and if the court finds that no title passed to the state by virtue thereof, the court shall proceed in the same manner as if no such forfeiture had taken place," etc. Section 15 provides that "whenever a report of such commissioner (the commissioner to sell) shall be confirmed, all objections to the sale and the proceedings thereunder shall be adjudged in favor of the validity thereof, and * * * * the court shall order the commissioner making such sale * * * * to execute a deed to the purchaser, conveying to him the land bought by him in fee simple, and such deed shall be conclusive against the world."

The state had no title to the land in controversy at the time the commissioner issued his certificate of donation. Under section 7, supra, the decree necessarily determines that,

at the time of its donation, the state had no title in the land, but only the right to enforce its lien for taxes. The state had instituted an action to foreclose this lien prior to the issue of the certificate of donation to appellee. It follows that the commissioner of state lands had no authority, prior to the sale of the land under the overdue tax decree, to ·issue a certificate of donation, and same conferred upon the donee no rights whatever. Nor did the state, at the time the donation deed was executed, have any title which the land commissioner had power to convey. Her title at that time was inchoate and incomplete, being subject to right of redemption for two years, as provided in section 11 of the overdue tax act.

But it is contended that, as there was no redemption, and the title became perfect in the state before she sold to appellant's grantor, such title should inure to the benefit of appellee under his donation deed. Undoubtedly, in the deeds of individuals, that is the law. Section 699 of Sand. & H. Dig. is as follows. "If any person shall convey any real estate by deed, purporting to convey the same in fee simple absolute, or any less estate, and shall not at the time of such conveyance have the legal estate in such lands, but shall afterwards acquire the same, the legal or equitable estate afterwards acquired shall immediately pass to the grantee," etc. This statute is declaratory of the doctrine of estoppel which would prevail in the case of deeds executed by individuals, were there no such statute. But it does not apply to conveyances made by the state. The state is not expressly named, nor is it included by necessary implication. *Martin* v. *Roesch*, 57 Ark. 474–76.

In *Casey* v. *Inloes*, 1 Gill, 430, it is said: "The doctrine of estoppel does not apply to a grant from the state, so as to pass an after-acquired title, and such grant passed only the title the state then had."

The donation deed by the state land commissioner was a quit-claim, and carried only such title as the state had at the time it was executed. At this time the state had no perfect title, and the commissioner could not convey any.

This court held in *Woodward* v. *Campbell*, 39 Ark. 580, "that the state will not be estopped by the unauthorized acts

of its officers; that all who deal with a public agent must, at their peril, inquire into his real power to bind his principal.

As to the statute of limitations, it does not appear that the court reached any conclusion of law based upon any findings of fact as to the statute of limitations. The court simply found, as matter of law, "that appellee's title was prior and superior to that of appellant," showing that the court only passed upon the donation deed, and upon the overdue tax deed, and pronounced the former "prior and superior" to the latter. There is nothing in the record, either in the pleadings or proof, that would justify us in passing upon the question of limitations, either of two or seven years.

The court erred in decreeing the donation deed of appellee prior and superior to the overdue tax deed of appellant, and for this error the decree of the Clark chancery court is reversed, and remanded with directions to enter a decree for appellant according to this opinion.

Riddick, J., dissents.