LLOYD *v.* THORNTON.

Opinion delivered January 3, 1921.

TAXATION—PRESUMPTION OF REDEMPTION FROM PAYMENT OF TAXES.— Where land was sold to the State in 1882 under the overdue tax act, and from and including that year and up to 1919 the lands were assessed to and taxes thereon paid by plaintiffs and other privies, who owned the land at the time of sale, it will be presumed that the lands were redeemed, notwithstanding the records of the land office do not show such redemption.

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; affirmed.

STATEMENT OF FACTS.

Appellees brought this suit in equity against appellants on the 24th day of November, 1919, to quiet their title to 120 acres of land in Clark County, Arkansas. The title of both parties is deraigned from the State, which obtained title from the United States under the Swamp Land Grant. A patent was issued by the State to forty acres of the lands to one of the grantors of appellees on the 13th day of July, 1882, and a patent to the grantors of appellees was issued by the State to the remaining eighty acres on the 3d day of December, 1881. The statement of facts shows that the lands had been on the tax books, from and including the year 1882, to the time of the institution of the present suit, and that appellees and their grantors have paid the State, county, school, and road district taxes on said lands for all said years.

The State claimed the title under, and by virtue of, overdue tax proceedings begun on the 19th day of April, 1882, whereby the lands in question were condemned to be sold for the unpaid taxes for the year 1876. A decree was entered of record in said overdue tax proceedings, on 28th

day of July, 1882, and the lands were sold to the State for taxes, penalties and costs, and on the 2d day of October, 1882, and on the same day appellant purchased the lands from the State, receiving a deed from the Commissioner. The records of the State Land Office do not show that the lands involved were redeemed from the overdue tax sale.

The chancellor found the issues in favor of appellees, who were the plaintiffs in the court below, and a decree was entered accordingly.

The defendants are the appellants in this court.

*W. A. Leach,* for appellants.

1. It is conceded that the lands in controversy were embraced in the "overdue tax suit" in Clark County and were sold to the State. The validity and regularity of this proceeding is unquestioned, and its effect was to vest a good and valid title to the lands after the period of redemption had expired. There are but two ways pointed out by the law by which the State could have been divested of this title, that is by redemption in the time and manner provided by the "overdue tax act" or some subsequent act, or sale by the State. It is not contended that the lands were actually redeemed, nor is it contended that the State sold these lands prior to the deed to appellants.

Appellees rely solely on the doctrine of estoppel to divest the State of whatever title it acquired under the sale under the "overdue tax act."

The State is not estopped by the unauthorized acts of her agents or officers. 12 Ark. 421; 27 *Id.* 242; 39 *Id.* 580; 135 *Id.* 353; 93 *Id.* 495. The State is bound and will be estopped by the conduct of her officers acting within the express scope of their authority. 135 Ark. 353. But if the act did not fall clearly within the express authority of the State she would not be estopped. 66 Ark. 48. The grounds upon which estoppel is here sought are twofold: (1) The action of State Land Commissioner in expressing an opinion as to the validity of a certain forfeiture; (2) the action of the State's taxing officers in

levying and collecting taxes on the lands in controversy. The State is not estopped by the opinion of the Land Commissioner. The office of Land Commissioner was created by statute, and his duties clearly defined. His duties are purely ministerial, and giving opinions upon matters of law is not one of his duties or powers, and the State is not estopped nor bound by the unauthorized acts of her officers. 39 Ark. 580; 42 *Id.* 118; 55 *Id.* 398; 93 *Id.* 495. The unauthorized acts of the tax officers in placing the lands on the tax books and collecting taxes does not estop the State. 135 Ark. 353-366. The presumption is that public officers do their duty. Lands granted to the State under the "swamp land grant" do not become taxable until a sale by the State. Under the act of 1887 "overdue tax lands" were subject to redemption, and a presumption of sale does not arise from the fact that taxing officers levied and collected taxes. The presumption of a grant against the sovereign is like laches, and no fast and hard rule can be laid down that will govern. Each case must depend upon the facts of the particular case. 135 Ark. 232, 353, 364. The State is not estopped. 140 U. S. 464. The doctrine of estoppel having no application here and the alleged presumption of redemption being overcome by positive proof, the judgment is wrong and should be reversed.

*John H. Crawford* and *Dwight H. Crawford,* for appellees.

1. This case is on "all fours" with *Wallace* v. *Hill,* 135 Ark. 353, and that case controls, and it was properly decided.

2. The case of *Martin* v. *Barbour,* 34 Fed. Rep. 701, is especially applicable here. See, also, 139 Ark. 333.

3. The doctrine of estoppel now extends even to the State, where an officer or agent of the State has misled a party to his injury. 114 Ark. 62; 135 *Id.* 232; 135 *Id.* 353; 140 U. S. 646. The State is estopped by the state's officers in placing the lands upon the tax books during the period allowed for redemption, and the con-

tinued possesion of the lands and the payment of taxes for thirty-five years thereby effecting a constructive redemption. The State is clearly estopped.

4. The lands were not subject to taxation for the year 1876. There is no error.

HART, J. In the case of *Wallace* v. *Hill,* 135 Ark. 353, the court held that where land was sold to the State, under an overdue tax sale, and where for thirty-four years thereafter the State, through its county officers, assessed, levied, and collected taxes on said land in the name of the original owner and his successors, it will be presumed that said land had been redeemed from the Commissioner of State Lands by the original owner.

This principle of law controls the case at bar. The overdue tax sale was had in the year 1882, and the lands were sold to the State for the taxes, penalties and costs. The record shows that, from and including that year, up until the time of the institution of the present suit in 1919, all the taxes due on said lands were paid by the appellees and their grantors. The lands were assessed in the names of the grantors of appellees, who owned them at the time they were sold under the overdue tax proceedings. The then owners paid the taxes, and the lands continued to be assessed in their names, and the taxes were paid by them until they sold the lands to appellees. Since that time the lands have been assessed in the names of appellees, and they have paid the taxes.

The persons who owned the lands at the time the overdue tax sale was had were entitled to redeem the lands from that sale. The right to redeem was a substantial right which the owners could not be deprived of. If the lands had been redeemed, it was the duty of the proper officers to place the lands back on the tax books in the names of the owners and thereafter to assess and collect taxes thereon. The fact that the owners had the right to redeem, and that the lands were placed back on the tax books in the owners' names, coupled with the

further fact that the owners thereafter paid the taxes, raises the presumption that the lands were redeemed, notwithstanding that the records of the Land Office do not show such redemption.

It is contended that the present case is differentiated from that of *Wallace* v. *Hill, supra,* because the record herein recites that the records of the State Land Office do not show that the lands involved in this suit were redeemed from the overdue tax sale. This is a negative showing which we do not regard as of any force whatever. Of course, if the record at the Land Office affirmatively showed that the lands had been redeemed, that would end the matter. No such showing appears on the records, and it is because of the absence of such showing that the presumption can arise at all. The presumption is in favor of the landowner, whom the record shows had performed his full duty to the State with regard to the payment of taxes assessed against his lands. If, in fact, the owner exercised his right of redemption in apt time, it would be inequitable to deprive him of his title simply because the Commissioner of State Lands failed to discharge his duty and to make his records show that the lands had been redeemed. It is in accord with the principles of equity to hold that the action of officers of the State in placing the land on the tax books in the name of the owner during the time he had a right to redeem and the assessment and collection of taxes from him thereafter for a long period of years is sufficient to raise a presumption that he did redeem from the overdue tax sale.

The records show that the appellees bought the lands in 1905 from the heirs of the original grantee. The attorney who made the abstract of title wrote to the State Land Commissioner with regard to the overdue tax sale. The Land Commissioner wrote back that the forfeiture was erroneous because the lands were not subject to taxation for the year 1876. The records further show that the title at that time was in the State. Of course

the State could not be estopped by the statement of the Land Commissioner to the effect that the overdue tax sale was erroneous, but the inquiry does show that the appellees, and their grantors, acted in good faith in the matter. It does not, in the least, tend to lessen the presumption that the lands had been redeemed by the owners in apt time under the overdue tax sale. It will be remembered that the inquiry was made by the abstracter representing the heirs of the original owners of the lands at the time the overdue tax proceedings were had. Hence it could not be said that the inquiry constituted any evidence of a declaration or admission on the part of the original owner that they had not redeemed from the overdue tax sale. The appellants took their deed for the lands in the same condition in which the State held them and subject to the same equities and defenses. Hence the court below was right in dismissing their cross-complaint to quiet title in themselves, and the decree was right in quieting title in the appellees.

The case of *Chicago Land & Timber Company* v. *Dorris,* 139 Ark. 333, has no application here. As pointed out in the opinion in that case, the record did not show who owned the lands at the time of the overdue tax sale, or that the lands were placed back on the tax book in the name of such owner within the period of the right of redemption. Hence there was nothing in that case, as in the present one, from which to raise a presumption that the owner of the lands did redeem them from the overdue tax sale.

Therefore the decree will be affirmed.