WILSON *v.* CHISHOLM.

Opinion delivered March 5, 1923.

1.  TAXATION—RIGHT TO REDEEM FROM TAX SALE.—One going into possession of, and claiming title to, land in good faith under a donation certificate may redeem it from a tax foreclosure sale under the overdue tax act of March 12, 1881, as against anyone other than the true owner.

2.  TAXATION—PRESUMPTION OF REDEMPTION FROM TAX SALE.—Where one who went into possession in good faith under a void donation certificate in 1882 made the necessary improvements and procured a deed two years later, and he and his successors in title have paid the taxes up to the present time and have held actual, peaceful and uninterrupted possession, it will be presumed that such donee or his successors in title redeemed the land from the overdue tax sale made in 1883.

Appeal from Union Chancery Court, *J. Y. Stevens, Chancellor;* affirmed.

*Joe Joiner,* for appellants.

This case comes clearly within the law announced heretofore by this court. 66 Ark. 48. The court also in *Wallace* v. *Hill,* 135 Ark. 353, recognized the principle that a purchaser of State lands during the period of redemption acquires nothing. See also C. & M. Dig., § 6695. This has become a rule of property in this State, 95 Ark. 23.

*Marsh & Marlin,* for appellee.

It will be presumed that one remaining in possession and paying taxes after an overdue tax forfeiture had redeemed within the time allowed by law for redemption from the overdue tax sale. 135 Ark. 353; 147 Ark. 247. The same principle will protect one who entered, as Owen did in this case, under a donation certificate. Either the persons whose titles were forfeited under the collector's sale or the donee under the tax deed could have redeemed from the overdue tax sale. Sections 11 and 13 of the "overdue tax act, provided for redemption by the "owner." The word "owner" in tax redemption statutes is uniformly given a highly remedial and liberal

construction.  39 Ark. 580; 42 Ark. 215; 59 Ark. 147; 74
Ark. 572; 74 Ark. 343.  The right to redeem is remedial,
and statutes conferring that right must be liberally con-
strued as to the class of persons to whom the right is
extended.  66 Ark. 141; 52 Ark. 132; 96 N. W. 902; 64
W. Va. 673; 3 Words & Phrases, 2d Series, 845, defining
"owner".  See also 49 Ore. 419.  Payment of taxes
under a void donation deed gives one a right to redeem.
74 Ark. 572; 75 Ark. 308; 76 Ark. 551.

*Joe Joiner*, for appellants, in reply.

The facts are entirely different from the facts in
*Wallace* v. *Hill*, 135 Ark. 353.  There can be no presump
tion of redemption here.  There can be no such presump-
tion in favor of any one, except the real owner, and in
this case there is nothing to show who the real owner was.
139 Ark. 333.  One who redeems land from a tax sale,
when he has no interest, right or title, acquires no title.
87 Ark. 360.  See also 80 Ark. 43; 99 Ark. 324.

HUMPHREYS, J.  Appellee, J. Chisholm, instituted
suit in the Union Chancery Court against appellant to
cancel a State deed to T. E. Wilson for the following
described real estate in said county:  N. W. ¼, sec. 33,
tp. 19 S. R. 18 W., and to quiet and confirm the title
to said real estate in him as against said appellants.  In
the bill filed appellee deraigned his title to said land
through mesne conveyances from the State of Arkansas,
the origin of his alleged title being a certificate of do-
nation of date August 19, 1882, and deed issued thereon
of date March 21, 1884, which were based upon an al-
leged forfeiture of said land to the State of Arkansas,
for failing to pay the taxes, due and assessed for the
years 1869 and 1870.  It was also alleged that appellee,
and those through whom he claimed, had been in the
actual possession of said land, making improvements
thereon continuously since August 19, 1882, and had
paid the taxes each and every year from and including
the year 1885, the year following the date of the dona-
tion deed.  Appellants interposed the defense in an an-

swer and cross-petition that the land in question was included in an overdue tax proceeding instituted on July 15, 1882, in the chancery court of Union County; that in said suit the alleged forfeiture was declared by the court to be void and of no effect, and that said land be sold for taxes, due and unpaid, for the years 1869 and 1870; that, pursuant to said order of sale, the land was sold on the 15th day of June, 1883, and that thereafter the sale was duly confirmed by the court; that the donation certificate relied upon by appellee was issued by the State after the institution of said suit, and that the donation deed executed in pursuance thereto was delivered prior to the expiration of the period of redemption allowed in the overdue tax act of March 12, 1881, under which the overdue tax suit aforesaid was instituted; that the lands were sold and certified to the State in the overdue tax suit, and on December 20, 1919, the State issued a patent to appellant, T. E. Wilson, for said land, based upon the overdue tax proceeding; that on December 22, 1921, said patent was recorded; that subsequent thereto T. E. Wilson conveyed said land to appellant, A. J. Marsh. Appellants prayed for a dismissal of appellee's bill and possession of the land.

A demurrer was filed to the answer and cross-petition, which was sustained by the court, and, upon failure of appellants to plead further, the decree was rendered canceling the State deed to T. E. Wilson and quieting and confirming the title in appellee as against appellants. From that decree an appeal has been duly prosecuted to this court.

The facts as gleaned from the pleadings are as follows: The land in question was certified to the State under a void forfeiture of 1869 and 1870. On July 15, 1882, a suit was filed in the chancery court of Union County under the overdue tax act of 1881, in which this land was included. On August 19, 1882, the State issued a certificate of donation for said land to James M. Owen. James M. Owen took immediate possession thereof, and

made the necessary improvements to procure the donation deed which he obtained on March 21, 1884. During the time of his occupancy it was adjudged in the overdue tax suit that the tax forfeiture to the. State upon· which the donation deed was based was void and of no effect. The land was thereupon ordered sold for the taxes of 1869 and 1870, and on June 15, 1883, was sold under the overdue tax decree to the State, which sale was confirmed by the court. In 1885 after the issuance of the donation deed to James M. Owen the land was assessed to James M. Owen, and he and his successors in title paid the taxes each and every year on said land after and including the taxes for the year 1885, and held the actual, peaceful, and uninterrupted possession thereof down to the present time. On December 20, 1919, the State issued patent for said land to T. E. Wilson, based upon the overdue tax proceeding. The record fails to show that James M. Owen or his successors in title ever redeemed the land from the overdue tax foreclosure.

The only question presented by this appeal is whether the presumption will be indulged that the land was redeemed from the overdue tax foreclosure for the taxes of 1869 and 1870 by James M. Owen or his successors in title. Appellants take the position that James M. Owen and his successors in title had no right to redeem the land because they acquired no interest therein under the donation certificate and the donation deed made pursuant thereto. The case of *St. Louis Refrigerator & Wooden Gutter Co.* v. *Langley,* 66 Ark. 48, is cited in support of their contention that they acquired no interest whatever in said land under said certificate and deed. That case does hold that the State by purchase at such sale acquired no title which the State Land Commissioner had power to convey until after the redemption period expired; and that during the pendency of the overdue tax suit the Commissioner of State Lands had no authority to issue a donation certificate and deed based upon a forfeiture of land for the nonpayment of

taxes; and also that after acquired titles had no application to conveyances made by the State. It is true that James M. Owen and his successors in title acquired no interest in the land as against the true owner under the donation certificate, but it served the purpose of showing that he went into possession of the land in good faith, and not as a squatter or mere trespasser. His possession and claim of title in good faith constituted such an interest in the land as gave him a right to redeem the land from the sale in the overdue tax foreclosure against any one other than the true owner. It was held in the cases of *Woodward* v. *Campbell,* 39 Ark. 580, and *Sanders* v. *Hill,* 42 Ark. 215, and reaffirmed in the case of *Hodges* v. *Harkleroad,* 74 Ark. 343, "that almost any right either in law or equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on land, amounts to such an ownership as will entitle the party holding it to redeem." The facts in this case bring it well within the rule of a presumptive redemption from an overdue tax forfeiture announced in the cases of *Wallace* v. *Hill,* 135 Ark. 353, and *Lloyd.* v. *Thornton,* 147 Ark. 247. Appellants insist that the rule in those cases relates to real owners only, and that a redemption will not be presumed in favor of any other than absolute owners. We cannot agree with them in this contention. Those cases had in mind redemption laws when they used the word "owner," and used it as a generic term, embracing even a possessory right. The trial court was correct in indulging a presumption that James M. Owen or his successors in title redeemed the land from the overdue tax foreclosure before appellant, T. E. Wilson, procured a patent to said land from the State.

The decree is therefore affirmed.