JOHNSON *v.* WILMUTH.

4-8136                        200 S. W. 2d 779

Opinion delivered March 31, 1947.

*Gordon Armitage,* for appellant.

*John D. Thweatt* and *Cooper Thweatt,* for appellee.

ROBINS, J. On October 23, 1944, the Commissioner of State Lands sold and conveyed to appellant lots 5, 7,

and 9, of the southwest quarter of section 6, township 4 north, range 5 west, 136.72 acres, which, according to the commissioner's record, had been sold to the State for nonpayment of taxes of 1925.

Thereafter appellant filed suit in the lower court against appellees, alleging that he was the owner of the said land, by virtue of his deed from the State Land Commissioner, that he had "the right of possession," that appellee, Wilmuth, was claiming lots 5 and 9 under a deed to him executed on February 5, 1940, by Emmett Vaughan but that Vaughan did not own the land; that appellee, Milligan, was claiming without right some title to lot 7. The prayer of appellant's complaint was for confirmation of his title and for injunction against interference by appellees with appellant's possession of the land.

In their answer appellees denied ownership of the land by appellant, and asserted title in themselves by virtue of the conveyance from Vaughan to appellee, Wilmuth, and a conveyance from Wilmuth, for part of the land, to Milligan; and that since the execution of the deed from Vaughan to Wilmuth they had been in the adverse possession of the land. They further alleged that the land was redeemed in June, 1928, from the forfeiture for taxes of 1925, and was erroneously certified to the State Land Commissioner. Appellees prayed for cancellation of the deed executed by the State Land Commissioner to appellant.

The lower court found the issues in favor of appellees and rendered decree canceling appellant's deed and quieting title of appellees. To reverse that decree appellant prosecutes this appeal.

It was stipulated that Emmett Vaughan was the owner of this land in June, 1928.

The record of lands sold for delinquent taxes for the year 1925, kept by the clerk, was introduced in evidence. This record showed that the land in question, assessed in the name of E. Vaughan, was sold to the State, and on the line showing this tract, in the last column of the book under the heading "When Redeemed" this appeared:

"6/ /1928 E. Vaughan," and in the same line, under the heading "Clerk's Signature," appeared the signature "Chas. C. Tunstall, Clerk."

There was also introduced in evidence the county treasurer's register of redemption certificates, and this record did not show that any certificate for redemption from the forfeiture of the land involved had been issued.

It was also shown that the title of the State to this land was confirmed by decree of the chancery court rendered in 1930.

The tax records showed that the land in question was not assessed for taxation for the years 1926, 1927, 1928, 1929, 1930 and 1931, but that it was put back on the tax books and the taxes for 1932 and subsequent years were regularly extended each year and these taxes were paid by Emmett Vaughan, until he sold it to Wilmuth, and thereafter by Wilmuth and Milligan, until the year 1944, the taxes for which were paid by appellant.

Section 13862 of Pope's Digest is as follows: "*Record of Redemption.* Where any tract or portion of land, town or city lot, or any part thereof, shall be sold for taxes and afterward redeemed, it shall be the duty of the clerk of the county court to insert a minute of such redemption on the record of lands sold for taxes, the date thereof, and by whom made, and sign the same officially."

While in other portions of the law provision is made for registration of redemption receipts by the county treasurer, we think it obvious that the record directed to be kept by the county clerk under § 13862, *supra,* is the record which the legislature meant to evidence the fact of redemption or a failure to redeem. *Cook* v. *Jones,* 80 Ark. 43, 96 S. W. 620. Appellant asserts that this redemption record is incorrect, as to the land involved herein, because there was no record of such a redemption on the treasurer's register and because the land, after the date of the redemption shown, was certified by the clerk to the State Land Commissioner as not having been redeemed. But, since there is a conflict between these records, the recitals of the record authorized by the legislature for the

purpose of affording notice to all interested persons, in absence of proof destroying the presumption of genuineness and verity that attaches to public records, must be accepted as true. This apparent contradiction in the county records would be a fact to be considered if we were dealing here with a direct attack upon the clerk's record. "Under direct attack a [public] record does not import verity. . . . However, a record so far denotes absolute verity that it is not subject to collateral attack unless it is nullity. This general rule applies only to such records as are required by law to be made and kept." 45 Am. Jur. 423. "A public record imports absolute verity. Every public record is presumed to be correct and cannot be collaterally attacked. An investigator may rely on the truth of specific recitals contained in a public record; and one relying upon public records is protected not only by the natural equities of his position, but also by the special equities arising from the protection afforded everyone who relies upon the records." 53 C. J. 622.

We do not regard as material the failure of the clerk to show the day of the month on which redemption occurred. It must be presumed that the clerk would not have made the entry showing redemption unless such redemption was effected within the time allowed by law therefor. "It is not the policy of the law to nullify records where substance is found, and clerical errors and technical omissions should be disregarded." 53 C. J. 621.

Since the land had been redeemed in 1928, the State was not the owner thereof when it conveyed same to appellant in 1944.

It is not contended that the confirmation proceeding added anything to the strength of the State's title, because, that proceeding being had under Act 296 of 1929, the confirmation cured only "informality or illegality in the proceedings" to sell the land for delinquent taxes. Here, the State's title is attacked, not on the ground that the sale was void, but because the owner redeemed within the period provided by law.

The lower court properly held that appellant had no title to the land; but, conformably to the provisions of

Act 269, approved March 10, 1939, a decree should have been rendered in favor of appellant for all taxes on said land paid by appellant, with interest thereon, and with lien on the land therefor, as provided by said Act. *Barton* v. *Meeks,* 209 Ark. 903, 193 S. W. 2d 138.

Accordingly, so much of the decree of the lower court as dismisses appellant's complaint, in so far as title to the land is concerned, for want of equity, and as quiets the title thereto in appellees is affirmed; and that part of the decree denying recovery to appellant for taxes paid by him is reversed, with directions to enter judgment, in accordance with this opinion, in favor of appellant, for the amount of taxes paid on the land by him, together with interest as provided by law, and declaring a lien therefor in favor of appellant, in accordance with said Act; the costs of the lower court to be assessed against appellant and each party to pay one-half of the costs of this court.