HOLLAND *v.* ELKINS.

5-510                                          272 S. W. 2d 692

Opinion delivered November 22, 1954.

*Yates & Yates* and *W. J. Morrow,* for appellant.

*J. J. Montgomery,* for appellee.

WARD, J.  This suit was filed by appellee, George Elkins, to cancel a deed issued to the three appellants by the State Land Commissioner, and to quiet title to the lands described in said deed.  The decree in the trial court was in favor of Elkins and appellants have appealed.

*Factual Status.*  From the pleadings, oral testimony and stipulation contained in the record the following factual situation is presented:

On November 15, 1922, one W. C. Bush was the record owner of the lands in question and on said date he made a deed to U. A. Thornberry; on July 26, 1924, Thornberry deeded the lands to A. S. Hamilton; on February 23, 1925, Hamilton deeded to Frank Von Wermer, and; on April 13, 1946, appellee, through mesne conveyances, secured a deed to said lands, and has been in constructive possession of and has paid taxes on the lands up until this suit was filed.  The lands in question were wild or unimproved and unenclosed.

Relative to the lands in question the Delinquent Tax Record, Book "B," shows:  Said lands were forfeited for taxes payable in 1924 in the name of W. C. Bush; they were purchased at the tax sale by the State of Arkansas; certified to the State June 13, 1927, and; not shown "redeemed" in the place provided therefor.

The Treasurer's Record of Lands Redeemed shows, as to the lands, the following:  (Redeemed) in the name of Frank Von Wermer; an itemized statement of each tax item including fees, penalty and cost totalling $7.78 for the year 1924, and; paid September 30, 1925.

Taxes have been extended on the lands in question and are shown by the record to have been paid by the several owners every year from 1925 until the filing of this suit.

*The Issue.*  According to appellants' own contention "the sole and only question of redemption or failure to redeem," contending, of course, there was no redemption.  In support of this point appellants say the

record, as set forth above, fails to show a compliance with the statutes providing for redemption in such cases, and assert that this court should not indulge certain presumptions which are necessary to reach the conclusion that there was a redemption. Many authorities are cited by appellants to the effect that presumptions must give way when in conflict with facts established by the proof, and urge that the facts of this record show there was no redemption. Generally speaking, as regards the effect of presumptions, we find no fault with appellants' statement, but we do not think this general rule is applicable to sustain their contention in this case.

The extension of taxes on these lands by the county officials and the payment thereof by the record owners for 25 years raise a presumption that the lands were redeemed from the forfeiture of the 1924 taxes. This conclusion is supported by the holding in *Townsend* v. *Bonner,* 205 Ark. 172, 169 S. W. 2d 125; *Lloyd* v. *Thornton,* 147 Ark. 247, 227 S. W. 396, and; *Wallace* v. *Hill,* 135 Ark. 353, 205 S. W. 699. In the *Townsend* case, *supra,* where this same question was presented, the court, at page 176 of the Arkansas Reports, quoted with approval:

" 'While there is no proof in the record that the lands had been redeemed, yet under the above undisputed facts it will be presumed that the lands had been redeemed. After a lapse of thirty-four years during all of which time the State each year through its officers had assessed, levied and collected the taxes in the names of the owners listed upon the tax books, the State will not be heard to say that the acts of her officers were unauthorized and that the lands had not been redeemed as authorized by the overdue tax act.' "

There it was also stated by the court that payment of taxes for 7 consecutive years on unimproved and unenclosed lands, such as the ones here involved, raises a presumption of title and possession. In the *Lloyd* case, *supra,* at page 251 of the Arkansas Reports it was stated:

"It is in accord with the principles of equity to hold that the action of officers of the State in placing the

land on the tax books in the name of the owner during a time he had a right to redeem and the assessment and collection of taxes from him thereafter for a long period of years is sufficient to raise a presumption that he did redeem from the overdue tax sale.''

In the *Wallace* case, *supra,* at page 363 of the Arkansas Reports, the court said:

''The State could only act through her taxing officers. These officers, the clerk, assessor and collector had no authority to place and keep these lands on the tax records for the assessment, levy and collection of taxes unless the same had been redeemed from the State as required by the statute. While there is no proof in the record that the lands had been redeemed, yet under the above undisputed facts it will be presumed that the lands had been redeemed.''

It is noted that the period of tax payments in the above cited cases all extended over a period of 34 years or more, but the reasons assigned for the presumption of redemption apply with equal force to this case where taxes were extended and paid for 25 years. This is specifically recognized in *Koonce* v. *Woods,* 211 Ark. 440, 201 S. W. 2d 748, where the tax payments extended over a period of only 17 years. There the court, referring to the holding in the *Townsend* case, *supra,* stated, at page 447 of the Arkansas Reports:

''In applying to the case at bar the principles announced in the Townsend case we are not disregarding the difference between possession and tax payments for 30 years, 66 years, 34 years, and 17 years. The period of time goes to the matter of good faith of a two-fold character: faithful conduct by the State's officers on the one hand, and good faith upon the part of the taxpayer. The difference in time can have no effect on the legal principle.''

The facts in the case under consideration are stronger for an application of the rule above stated than they were in the cases heretofore cited to support it. In

the cited cases there was no direct evidence of a redemption, while here such direct evidence is presented by the Treasurer's Record of Lands Redeemed heretofore mentioned.

The record reflects that the lands involved were confirmed in the State in an action based on the forfeiture and sale first mentioned. This fact, however, affords no relief to appellants, since the confirmation action added no strength to the State's title. See *Johnson* v. *Wilmuth*, 211 Ark. 399, 200 S. W. 2d 779.

Accordingly the decree of the Chancellor is affirmed.