## WAGNER v. HEAD.

### Opinion delivered April 18, 1910.

1. ADVERSE POSSESSION—NOTORIETY AND CONTINUITY OF POSSESSION.—Proof that defendant went into possession of land under a tax title and remained there three months in 1905, and that in the summer or fall

of 1906 a timber cutter with defendant's permission occupied a house on the land for a few months, and that thereafter the place remained vacant until 1908, when defendant moved on the land, and soon afterwards was sued for possession, is insufficient to show that defendant had a sufficiently notorious or continuous possession to amount to an investiture of title, under Kirby's Digest, § 5061. (Page 492.)

2. EJECTMENT—RECOVERY OF TAX LANDS—AFFIDAVIT OF TENDER OF TAXES.— Kirby's Digest, § 2759, providing that no person shall maintain an action for possession of land against a tax purchaser without filing an affidavit of tender of taxes, etc., does not apply where the taxes were paid before the sale. (Page 493.)

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

*L. A. Byrne,* for appellant.

An affidavit was necessary in order to maintain the action. Kirby's Dig. § 2759. Even though the tax deed be void, the holder had been in actual possession for the statutory period. 76 Ark. 447; 71 Ark. 390; 66 Ark. 141; 79 Ark. 194; 80 Ark. 82; 83 Ark. 334.

*J. T. Cowling* and *James D. Head,* for appellee.

Appellant should have saved exceptions to the court's ruling on his motion to dismiss. 70 Ark. 418. One who buys land at a tax sale to which he claims title, and which was incumbered with taxes, only removes such incumbrance. 33 Ark. 267; 55 Ark. 104; 56 Ark. 187; 42 Ark. 215; 44 Ark. 504. Appellant did not have the requisite possession. 48 Ark. 278; 27 Ark. 77; 49 Ark. 266.

McCULLOCH, C. J. This is an action instituted by appellee to recover from appellant a tract of land in Little River County, the title to which he (appellee) claims under mesne convey-ances from the United States as swamp and overflowed land, and also under a sale in 1882 by the commissioner of the chancery court in an overdue tax suit. The validity of his title is con-ceded, but appellant asserts title under a deed executed to him in 1904 pursuant to a sale for delinquent taxes and by adverse possession for two years under said tax deed. The tax sale was void by reason of the fact that the taxes for which the land was sold were paid by the owner. There was a trial before the court sitting as a jury, and a finding against appellant on his plea of

adverse possession. He seeks a reversal of the judgment on the alleged ground that the evidence does not sustain the finding.

Appellee purchased the land in April, 1905, from T. B. Cook, who was the owner and in possession by his tenant, one Harold. Cook built a cabin on the land in the year 1900, and cleared about thirty acres, and had it put in cultivation. Crops were made on it by Cook's tenants during the years 1901, 1902, 1903 and 1904. Harold was on the land as Cook's tenant, and he remained on the place as such tenant until the spring of 1905, when Cook sold the land to appellee, but on account of the overflow he was unable to make a crop and moved. No crop has been raised on the place since then. There is evidence to the effect that before Harold moved off he agreed to hold and occupy the place as appellant's tenant for the year 1905; but this was never brought to the notice of either Cook or appellee, so far as the evidence in this case shows.

After Harold moved off the place, in the spring or summer of 1905, appellant went on it and remained there about three months, but got sick and moved off. This was not brought to the attention of appellee. The place remained vacant until the summer or fall of 1906, when a man named Elliott obtained appellant's permission for one of his timber cutters to occupy the house on the land under an agreement to repair it. Elliott also applied to Cook for permission to occupy the house, and the latter informed him that he had sold the land to appellee. The timber cutter moved into the house in the summer or fall of 1906, and remained there until about February 1, 1907. During all this time the house was in a dilapidated condition, the fences were down, and the place was vacant except the house. It continued to be vacant until the early part of the year 1908, when appellant moved into the house, and very soon thereafter appellee began this suit against him for possession.

The evidence does not sustain appellant's plea of continuous adverse possession for a period of two years. At most, he has proved only fitful acts of possession, which were never brought to the notice of appellee, and which lacked sufficient continuity to amount to an investiture of title by limitation. *Scott* v. *Mills,* 49 Ark. 266.

It is further insisted that the action should have been dismissed because of appellee's failure to file the affidavit required by Kirby's Digest, § 2759, to the effect that he had tendered the amount of taxes for which the land had been sold. The taxes had been paid before the sale; therefore no tender was required. *Kelso* v. *Robertson,* 51 Ark. 397.

Judgment is therefore affirmed.