## BRANDON *v.* PARKER.

Opinion delivered June 12, 1916.

1. TITLE—ACTION FOR LAND—POSSESSION—LIMITATIONS.—Where appellant's father, under whom she claimed, and who held the land in controversy, under a donation deed from the State, died, his death terminated the possession under the donation deed, and although appellant was only nineteen years old when she brought the action, her father having died more than three years prior to the enactment of Kirby's Digest, § 5075, the same did not apply, and Kirby's Digest, § 5061, without the exception in favor of infants, was in effect.

2. TITLE—COLOR OF TITLE— ACTION TO QUIET TITLE—VOID SALE—LIMITATIONS.—Deeds to lands by the State, though based on void sales, constitute color of title, and under Kirby's Digest, § 5061, actual possession

under this color of title, will bar the owner from maintaining a suit for its recovery, unless the suit was brought within the time there limited.

3. TITLE—PAYMENT OF TAXES UNDER COLOR OF TITLE.—Kirby's Digest, § 5057 inures to the benefit of any holder of color of title who pays taxes for seven years.

4. TITLE—COLOR OF TITLE—POSSESSION.—Kirby's Digest, § 5061, inures to the benefit of the holders of the particular color of title there named, who occupy the land thereunder for the period of two years.

Appeal from Crittenden Circuit Court; *J. F. Gautney,* Judge; affirmed.

*J. R. Coates* and *B. J. Semmes,* for appellant.

1. Possession under a donation deed gives title under the two year statute, although the deed is void. Kirby's Digest, § 5061; 92 Ark. 30; 84 *Id.* 614; Kirby's Digest, § 5056; 73 S. W. 559; 41 *Id.* 542; 26 *Id.* 649. Appellant was a minor and this suit was filed within two years after appellant became of age.

*A. B. Shafer,* for appellee.

1. The seven years statute, Kirby's Digest, § 5056, can not apply, nor does section 5075. Appellant was a minor and the vendor of appellee was in possession for more than two years prior to the passage of the act. Adverse possession destroys title, but not color of title. The court properly held that possession under an uncancelled donation deed is entitled to the benefit of the statute applying to possession under donation deeds. 177 S. W. 6-8; 19 Ark. 139-141; 83 Wisc. 364; 53 N. W. 686; 35 Am. St. 67; 89 Ia. 270; 56 N. W. 456; 139 Ill. 21; 28 N. E. 748; 33 Tex. 476; 21 Tex. 97.

SMITH, J. This case was submitted and heard on the following agreed statement of facts:

"1. That the plaintiff, Miss Constance Brandon, and Bettie Brown, are the sole heirs-at-law of N. B. Brandon, deceased, and that plaintiff, Miss Constance Brandon, was nineteen years of age when this suit was filed.

"2. That N. B. Brandon died intestate on the 1st day of February, 1896.

"3. That the northwest quarter of section 14, in township 8 north, range 7 east, in Crittenden County, Arkansas, was duly patented by the United States Government and became subject to taxation in the year 1836, and was forfeited to the State for the nonpayment of taxes of the year 1872, and was again forfeited to the State for the nonpayment of taxes of the year 1885, which said forfeiture was void for irregularities.

"4. That on the 28th day of July, 1893, the Commissioner of State Lands executed a donation deed to said property to said N. B. Brandon and that said N. B. Brandon went immediately into possession of same under said donation deed and stayed in the open, actual and continuous possession of same, clearing five acres of land and remaining in the continuous, adverse possession of same until the 1st day of February, 1896, the day of his death.

"5. That on the 9th day of January, 1883, the Commissioner of State Lands executed to Robert Hill, a donation deed, covering said land, and that said Robert Hill immediately after said donation deed was executed, died intestate leaving as his sole heir, his daughter, Lillie Hill who subsequently married Will Stokes; that Lillie Hill did not take actual possession of said land until the 1st day of March, 1897, on which date, she entered same and built a house, cleared up land and fenced same, claiming under the donation deed to said Robert Hill, which was executed on January 9, 1883, as aforesaid, that said Lillie Hill has cleared and put in cultivation nearly all of the said land and that she and those claiming under her, have paid State and county taxes on said land continuously since the said 1st day of March, 1897, and that she and those claiming under her have been in the continuous, open, notorious and adverse possession since that date.

"6. That on the 15th day of January, 1910, said Lillie Hill (now Stokes) executed conveyance to Guy A. Blann, conveying said land for the sum of $2,350.00

which deed recited that said Lillie Stokes was the sole heir-at-law of Robert Hill, deceased.

"7.   That Guy Blann and wife on the 10th day of June, 1913, executed warranty deed to defendant, A. C. Parker; that defendant, A. C. Parker, and those under whom he claims, have been in the open, notorious, actual and continuous possession of the said land since the 1st day of March, 1897, having cleared and put in cultivation nearly all of said land and have paid taxes continuously thereon since said date, claiming to own all of said land under the donation deed executed in 1883 to Robert Hill, as aforesaid.

"8.   That Bettie Brown, daughter of N. B. Brandon, above mentioned, was twenty-seven years old at the date this suit was instituted and that Constance Brandon, plaintiff in this cause, was nineteen years old at the date this suit was instituted."

(1)   Notwithstanding the fact that it appears that appellant was only nineteen years old at the time of the institution of this suit, section 5075 of Kirby's Digest is of no avail to her because her ancestor died in February, 1896, which was three years prior to the enactment of this section, and the death of her father terminated the possession under his donation deed.   Section 5061 of Kirby's Digest was, therefore, in effect without the exception in favor of infants, which section 5075 enacted. *Sims* v. *Cumby*, 53 Ark. 418; *Sparks* v. *Farris*, 71 Ark. 117.   This section—5061—reads as follows:

"Sec. 5061.   No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs or assigns, who may hold such lands by virtue   of a purchase thereof at a sale by the collector, or commissioner of state lands, for the nonpayment of taxes, or who may have purchased the same from the State by virtue of any act providing for the sale of lands forfeited to the State for the nonpayment of taxes, or who may hold such lands under a donation deed from the State, shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized

or possessed of the lands in question within two years next before the commencement of such suit or action.''

(2) It is here contemplated that the tax sales upon which these deeds would be based might be void. Indeed, only that fact could make the statute necessary. If these sales were valid there would be no necessity for this statute of limitations. These deeds, though based on void sales, constituted color of title, and by this section it was enacted that actual possession under this color of title barred the owner from maintaining a suit for its recovery, unless the suit was brought within the time there limited.

It is said, however, that the prior possession of appellant's ancestor under a donation deed ripened into title under this section, and that when that possession had so ripened into title the prior donation deed of appellee's ancestor became cancelled and subsequent possession under it would not entitle the donee there named to claim the benefit of the provisions of section 5061 of Kirby's Digest.

The decision of the case, therefore, turns upon the effect to be given to appellant's ancestor's possession upon the donation deed under which appellee's ancestor entered into the possession.

It is conceded, of course, that appellant's ancestor acquired the title by virtue of his possession under his donation deed. But did this possession cancel the prior outstanding donation deed of appellee's ancestor? A similar question was involved in the case of *Moore* v. *Morris*. 118 Ark. 516, 177 S. W. 6. There the facts were that the owner of the paper title lost his title by the adverse possession of an occupying claimant, but this claimant, after acquiring title by possession, abandoned the land and it became wild and unoccupied land. The original owner continued to pay the taxes on the land and paid for more than seven years after it had again become wild land. It was there urged that the original owner's paper title had been cancelled and he was not

entitled to the benefit of the provisions of Section 5057 of Kirby's Digest, which provides that unimproved and unenclosed land shall be deemed and held to be in the possession of the person who pays the taxes thereon if he have color of title thereto, for at least seven years in succession.

We think the controlling point here, as it was in the case of *Moore* v. *Morris, supra,* is that the color of title as such was not cancelled. The owner in the case cited lost his title, but his deed, not having been cancelled by any order or judgment of court, remained as color of title and entitled him to the benefit of the provisions of Section 5057 of Kirby's Digest, upon complying with its terms.

(3-4) This section inures to the benefit of any holder of color of title who pays taxes for seven years. Section 5061 of Kirby's Digest inures to the benefit of the holders of the particular color of title there named who occupy the land thereunder for the period of two years. When appellee's ancestor entered upon the land on March 1, 1897, under his donation deed, his attitude was that merely of one who had only color of title and his situation would not have been improved had the sale upon which his deed was based been perfectly good. He had lost his title by the previous adverse occupancy, yet his deed was color of title and he entered under it and remained in possession of the land for more than two years, and he thereby became entitled to claim the benefits of Section 5061 of Kirby's Digest.

The judgment of the court below will, therefore, be affirmed.

HART and KIRBY, JJ., dissent.