HUTTON v. PEASE.

4-3818

Opinion delivered April 8, 1935.

Rice & Rice, for appellant.

W. A. Dickson and Price Dickson, for appellee.

HUMPHREYS, J. This is an appeal from a decree of foreclosure of certain lands in Benton County, Arkansas, to satisfy a mortgage lien thereon, which appellee, in due course, purchased from the original mortgagee. She filed her suit to foreclose the mortgage lien on August 29, 1932, and made appellant a party because he was claiming title to a part of the land described in the mortgage under a donation certificate from the State of Arkansas, which he purchased on the 8th day of August, 1932. The part of the lands claimed by appellant had been forfeited and sold to the State for the nonpayment of the taxes for the year 1928, and, after the expiration of the two-year period for redemption thereof, had been certified to the State by the clerk of said county. During the pendency of the foreclosure proceeding, appellant surrendered his donation certificate and purchased said land and procured a deed thereto from the State Land Commissioner of date March 20, 1933.

The record discloses that appellant conceded during the trial of the cause that the tax sale was not conducted in the manner prescribed by law and was void, and that he acquired no title thereto under his deed from the State, but claimed that he acquired a good title thereto under the donation certificate issued to him on August 8, 1932, because appellee had not brought her suit to foreclose the mortgage within two years from the date of the collector's sale of said real estate on the second Monday in June, 1929, for the nonpayment of taxes for the year 1928. The trial court canceled the deed from the State of date March 20, 1933, and ruled that appellant acquired no title by reason of his void donation certificate, having

failed to comply with § 6675 of Crawford & Moses' Digest entitling him to a donation deed. Appellee was not required to bring her suit under § 6947 of Crawford & Moses' Digest within two years from the date of the sale of said real estate by the clerk to the State, but within two years from the date of a donation deed, which appellant never obtained. The ruling of the trial court was correct. In the case of *M'Cann* v. *Smith,* 65 Ark. 305, 45 S. W. 1057, this court said: "It is the adverse holding under the donation deed for two years that bars. Until the deed is executed, the grantee acquires no right, title or interest in the land and acquires none by adverse possession."

It also appears in this record that appellant purchased the lands in question from the owner of the land before he acquired his donation certificate, and, it being his duty to pay the taxes thereon, the purchase of the donation certificate amounted to the redemption of the land from the tax sale, and necessarily redounded to the benefit of the mortgagee. *Inman* v. *Quiry,* 128 Ark. 605, 194 S. W. 858.

It also appears from this record that the trial court allowed appellant $62.19 for the taxes displaced by reason of his purchase and the subsequent taxes he paid, and that he accepted same out of the proceeds of the sale of lands. By accepting the amount adjudged to him in the foreclosure decree, he waived the right to appeal from it. *Bolen* v. *Cumby,* 53 Ark. 514, 14 S. W. 926; *Coston* v. *Lee Wilson Company,* 109 Ark. 548, 160 S. W. 857; *Jones* v. *Hall,* 136 Ark. 348, 206 S. W. 671.

No error appearing, the decree is affirmed.