EMERSON *v.* VOIGHT.

4-5001

Substituted opinion delivered May 2, 1938.

*J. C. Brookfield,* for appellant.

*Walter N. Killough,* for appellee.

HUMPHREYS, J. On September 30, 1936, appellee brought suit in the chancery court of Cross county against appellants to cancel a state tax deed to the northeast quarter, section 10, township 6 north, range 3 east, containing 160 acres, and the east half of the northwest quarter, section 10, township 6 north, range 3 east, containing 40 acres, in said county, executed by the Commissioner of State Lands to appellants for $200 which was forfeited to the state for the nonpayment of the taxes in 1931.

It was alleged in the complaint that the tax forfeiture was void for various reasons, and, among others, that there had been no legal publication of the notice of sale.

It was further alleged that appellee offered to pay appellants the amount of taxes they had paid and improvements they had made on the said lands, but appellants refused to state what taxes they had paid or the amount of improvements they had made thereon, saying that their tax deed was valid, and they expected to hold possession of the land.

They filed an answer denying the invalidity of the tax deed, but prayed in the alternative that if their tax deed was canceled and redemption decreed they have judgment for the total taxes due the state of $483.83 and $275 for the improvements they had made after receiving their deed from the state.

Upon a hearing of the cause the chancery court found that the tax deed was void, canceled same, awarded possession of the land to appellee, offset the taxes and improvements against the rental value of the land for the years 1935 and 1936, and refused to give either a money judgment and adjudged that each pay his own costs, from which is this appeal.

Appellee purchased the land from the American Investment Company, a corporation, the owner thereof, on November 18, 1935. Appellants leased the land from the American Investment Company in 1931, 1932, 1933, 1934 and 1935, under written leases, which provided for cultivation of thirteen acres in cotton, twenty acres in corn, ditches to be kept cleaned out by tenant, payment of one-fourth of the cotton and one-third of all grain raised, and payment of $5 per acre on all land then in cultivation which tenant failed to cultivate, and agreement to surrender peaceable possession of said lands to said company on the 31st day of December of the year for which the respective leases were made. They paid the rents for the years 1931, 1932, 1933 and 1934, but refused to pay rent for 1935, claiming ownership under the tax deed and remained in possession without paying any rent until this suit was brought and a writ of possession was issued against them.

The jurisdictional defect in the forfeiture and sale of the land alleged in the complaint as to publication is sustained by the evidence, and the court properly can-

celed the tax deed. The clerk of the county court testified that he had never received any proof of the publication of the delinquent list, and that proof of the publication of the notice of sale had never been filed in his office, and that there was nothing in his office to show the time and manner of publication except a copy of a local newspaper dated and published June 2, 1932, and witness did not know whether this was the only publication of the notice, but was of opinion that it was the first publication, and that the publication of the delinquent list was nearly always delayed on account of late tax payments, and that the only certificate witness had ever made as to the publication of the delinquent list for the year 1931 is as follows: ''And notice is hereby given that the said tract, lots and parts of lots or so much as may be necessary to pay the taxes, penalty, and costs due thereon for the year 1931 will be sold by the county tax collector at the county clerk's office in the court house at Wynne, Arkansas, on the second Monday in June, 1932, the same being the 13th day of June, 1932, unless said tax, penalty and costs be paid before that time and that said sale will be continued from day to day until said tracts, lots and parts of lots be sold. Given under my hand and seal this 25th day of May, 1932.''

The notice of sale dated May 25, 1932, could not, therefore, have been published for the time, and in the manner required by law. If there were two publications of the notice—a fact not shown to be true—the first publication would have been in the paper dated June 2d, and the second publication would have been one week later, or June 9th, the first publication being a date less than two weeks before the day of sale, which date was June 13, 1932.

In each of the recent cases of *Edwards* v. *Lodge*, 195 Ark. 470, 113 S. W. 2d 94; *Union Bank & Trust Co.* v. *Horne,* 195 Ark. 481, 113 S. W. 2d 1091, and *McWilliams* v. *Clampitt,* 195 Ark. 908, 115 S. W. 2d 280, it was insisted that the defect in the publication of the notice of sale was cured by act 142 of the Acts of 1935, which act was in force while the instant suit was pending. But it was pointed out in the opinions in those cases that the cura-

tive provisions of § 1 of act 142 applied only when "publication of the notice of the sale had been given under a valid and proper description as provided by law." Here, there had been no publication conforming to law, and act 142 does not apply for that reason and does not cure the sale.

Appellants contend that as the tax deed they received from the state is color of title, they are entitled to a return of the taxes they paid and improvements made by them on said lands under the Betterment Act as provided by § 4568 of Pope's Digest, which is as follows: "If any person, believing himself to be the owner, either in law or equity, under color of title, has peaceably improved, or shall peaceably improve, any land which upon judicial investigation shall be decided to belong to another, the value of the improvement made as aforesaid, and the amount of all taxes which may have been paid on said land by such person, and those under whom he claims, shall be paid by the successful party to such occupant, or the person under whom or from whom he entered and holds, before the court rendering judgment in such proceedings shall cause possession to be delivered to such successful party."

This is true, but the court found that the rents due by them upon the property for the years 1935 and 1936 were equal to or greater than the taxes and improvements made by them. According to the weight of the evidence most of the improvements were made upon the property before they received their deed from the state and while they were tenants of appellee's grantor. The evidence is conflicting as to the extent of the improvements made by them and after a careful reading thereof we cannot say that the court's finding was contrary to a clear preponderance of the evidence. There was about seventy-five acres of land susceptible to cultivation, and under the lease contract for 1935 they were liable for rents for one-fourth of the cotton and one-half of the corn raised, and for $5 per acre for the land they did not cultivate and were liable for a reasonable rental for the whole place for the year 1936. We think, under the evidence, the finding of the court was more favorable to ap-

pellants than to appellee by offsetting the rentals against the taxes and improvements.

No error appearing, the decree is affirmed.