WARE *v.* DAZEY.

4-6052

144 S. W. 2d 463

Opinion delivered October 21, 1940.

*Carneal Warfield,* for appellant.

*John Baxter* and *Baxter & Johnson,* for appellee.

GRIFFIN SMITH, C. J. Appellant received a donation certificate. He complied with terms of act 138 of 1887, as amended by act 29 of 1891.[1] More than 29 months after his certificate was issued,[2] and before he had submitted proof of improvements, the commissioner sold to appellee the lands described in appellant's certificate.

Five questions are presented: (1) Did act 128 of 1933 amend act 29 of 1891 by reducing the continuous

---

[1] For related statutes see act 41, approved March 7, 1893; act 128, approved March 21, 1933; act 269, approved March 10, 1939, and act 331, approved March 16, 1939.

[2] Act 138 of 1887 requires a donee to establish his or her residence in a house on the property within 90 days from the date of certificate. Within 60 days from the expiration of three years of residence, final proof must be made. Thus, 41 months are involved. The same requirement is in act 29 of 1891. If act 128 of 1933 substitutes two years for three years, the period would be 29 months.

residential requirement of a donee from three to two years? (2) Was the state land commissioner required to give appellant notice and accord him a hearing before treating the donation certificate as forfeited? (3) Does the two-year statute of limitation appearing as § 8925 of Pope's Digest bar the action against appellant? (4) If appellant is not protected under his donation certificate, may he recover for the cost of improvements? (5) Did the fact that appellant's donation certificate was issued prior to appellee's deed create a preference in appellant's favor?

Appellant's certificate was issued August 26, 1936. December 9, 1939, he submitted proof of improvements. Thereupon he was informed that October 17, 1939, appellee had purchased the property from the state. Final proof under the donation certificate was rejected. Because appellant was in possession, appellee brought suit in circuit court, alleging unlawful detainer. By agreement the cause was transferred to chancery. The decree was that § 4 of act 128 of 1933 amended prior laws in respect of the residential requirement.

The court reserved judgment on the demand for betterment compensation until this court should have disposed of other issues.

*First.*—Section 1 of act 29 of 1891 amended § 5 of act 138 of 1887. As amended it reads: "Each person receiving [a] donation certificate shall establish his or her actual personal residence in a house upon the land applied for within three months from the date of such certificate. . . . Such donee shall actually reside upon [the land] for a period of three years from the time herein fixed, or that may be fixed by the commissioner of state lands. . . ."

Under the act of 1887 it was requisite that a donee establish his or her residence upon the land within three months from the date of the certificate. In the amended act a proviso permits the commissioner, upon showing of unavoidable casualty, to extend the time within which a residence must be built and occupied, the extension to be ". . . to such time as the hindering cause, or

causes herein mentioned have ceased, . . . not to exceed however eighteen months from the date of the donation. . . ."

The donee, under act of 1891, must have resided upon the premises three years. Thereafter, final proof was required within sixty days. Exclusive of casualty time allowable at the commissioner's discretion (a situation with which we are not here concerned), ninety days, plus three years, plus sixty days, might elapse between issuance of the certificate and procurement of deed.

In his brief appellant says: "The act of 1891 did not require more than the establishment of a domicile; hence, the provision that title could not be passed by the state until after two years of continuous residence [was inserted in the 1933 enactment"].

If the prior act did not, by its context, contemplate continuous residence, we would agree to appellant's construction. But when effect is given all language relating to occupancy, the act embraces substance found in the statute of 1933. These requirements are (1) that the donee shall establish his or her "actual personal residence in a house on the land," and (2) such donee "shall actually reside" upon the land for a designated period— the time specified in one act being three years, and in the other two years.

While the term "continuous residence" is used in the 1933 enactment, it does not broaden the meaning of the act of 1891 or conflict with its obvious intent. If one actually reside in a "personal residence" upon identified land for three years it necessarily follows that such occupancy must be continuous. The two-year provision of the 1933 enactment adds nothing material to the act of 1891 unless it is construed to reduce the three-year requirement. "Continuous residence," as used in the act of 1933, does not conform to the scheme of 1887 and 1891 enactments if it be treated only as an attempt to clarify language relating to continuity of occupancy, for the old law is definite in that respect. If, however, the term be construed to reduce from three years to two years the period of residence, there is a conflict with

the former requirement, and to the extent of such conflict the old law must yield.

Appellant's status is this: His certificate was issued August 26, 1936. He had until November 25, 1936 —ninety days—to build a home and occupy it. It was then necessary that he occupy the property continuously as a home until November 25, 1938. Final proof had to be made within sixty days. Hence, January 25, 1939, was the last day for procurement of the deed. Between January 25 and October 17, 1939, appellant was in default. While this status existed appellee purchased the property. In legal contemplation appellant forfeited his donation rights when he failed to make proof, and although he perhaps honestly believed that proof could be made within sixty days after expiration of three years, this belief cannot have the effect of changing the law.

The construction here given has been applied by the state land office. "Certificate of Donation" forms carry the notice that occupancy must be for two years.[3]

*Second.*—We find nothing in the statutes requiring notice to a donee of intention upon the part of the commissioner to cancel a certificate. The form used is in itself notice that unless proof is made in a timely manner rights under the certificate automatically lapse.[4]

---

[3] Section 4 of act 128 of 1933 provides: "All donees shall maintain a continuous residence of two years upon donated land before title can be passed to them. Evidence of such continuous residence shall be upon the certificate of the school directors of the district in which such land is located." Considerable weight, in arriving at meaning of doubtful statute, must be given to practical construction placed upon it by executive officers of state, especially when such construction has been unchallenged over long period of years.—*Baxter* v. *McGee*, 82 Fed. 2d 695, certiorari denied *McGee* v. *Baxter*, 56 S. Ct. 948, 298 U. S. 680, 80 L. Ed. 1401.

[4] This provision is carried in the donation certificate: "But in case the said applicant or [his] heirs does not, within 60 days from the expiration of two years from the date of actual settlement, file with the commissioner of state lands' proof of improvement, . . . then the said applicant, [his] heirs, shall forfeit all right or claim to [the land in question], and said land, together with all improvements thereto attached, shall revert to the state and be again subject to sale or donation, as though this instrument had never been executed." (Note: The record in the instant case does not contain a copy of appellant's certificate and it is not shown whether it was on a form used prior to enactment of the 1933 law.)

In *Hagerman* v. *Moon*,[5] § 4819 of Sandels & Hill's Digest was construed. In an opinion by Mr. Justice BATTLE it was held that a party in possession under a donation certificate was not protected by the two-year statute of limitation. Sandels & Hill's § 4819 appears as § 8925 of Pope's Digest, as amended by act 7, approved January 26, 1937. The amended section appears in a footnote,[6] with the new matter in italics, the addition being ". . . or who shall have held two years actual adverse possession under a donation certificate from the state."

But for inclusion in the amended act of the expression "actual adverse possession" effect would be to give to donation certificates the same force as that accorded donation deeds in respect of limitation, and the holding would be that possession under such certificate could not be questioned after two years.

Essential facts in the Hagerman-Moon Case were that Mrs. Moon obtained a donation deed for lands held by her husband under a certificate, the latter having died before time for making final proof. Hagerman and others who had owned the land permitted it to sell for taxes. It was held that adverse possession for two consecutive years under the certificate issued to Mrs. Moon's husband was no bar to the suit because the holder of a certificate is not named in the statute. Mrs. Moon sought by "tacking" to apply to her insufficient time under the deed a part of the time her husband held under the certificate. This was not allowed.

---

[5] 68 Ark. 279, 57 S. W. 935.

[6] "No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs and assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, or commissioner of state lands, for the non-payment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of lands forfeited to the state for the non-payment of taxes, or who may hold such lands under a donation deed from the state, *or who shall have held two years actual adverse possession under a donation certificate from the state* shall be maintained, unless it appears that the plaintiff, his ancestors, predecessors, or grantors, was seized or possessed of the lands in question within two years next before the commencement of such suit or action, and it is hereby intended that the operation of this act shall be retroactive."—Act 7, approved January 26, 1937.

It seems clear that had the statute considered by Mr. Justice Battle included donation certificates (as it now does) the holding necessarily would have been that one entering and occupying by authority of such certificate was protected after two years.

But the amended act of 1937 does not avail appellant in the case at bar. While he held adversely in respect of those who might have claimed under prior ownership, yet insofar as the state was concerned he entered permissively. His right under the certificate was to occupy the land. This he did with consent of the state. There was the additional condition that if he complied with donation laws, and made final proof within the time prescribed, a deed would be executed in his favor.

Act 41, approved March 7, 1893, amended act 138 of 1887 by giving a remedy for those who, in the circumstances mentioned, failed to make final proof. The provision is: "When it shall be made to appear . . . [that a donee] . . . while acting in entire good faith through accident or mistake had failed to perfect title to such donation claim, he or she shall be allowed to re-donate the same tract of land, or in case such land should be sold or otherwise disposed of by the state, such donee may upon proof . . . be allowed to make a donation of another tract of land in a quantity not exceeding 160 acres."[7]

Appellant's possession was not adverse to appellee. She did not purchase until appellant's rights had lapsed.

It would create an anomalous situation if we should say that one may take possession under a donation certificate, hold the property during the permissive period, then fail or refuse to make proof of his right to continue in possession, and yet as against the state's grantee who purchased after the donee's permissive period had expired plead limitation.

*Fourth.*—The contention under this heading is that one in possession under a donation certificate issued two years after the property forfeited for taxes, and

---

[7] But see act 331 of 1939.

who is dispossessed, is entitled to reimbursement for improvements under § 13884 of Pope's Digest.

In *Wilkins* v. *Maggard*,[8] it was said: "It appears from § 10120 of Crawford & Moses' Digest,[9] and the cases referred to construing it, that neither color of title nor belief of the tax title purchaser in the integrity of his title is a prerequisite to his right to recover for improvements effected by him subsequent to two years after tax sale, and it follows from this principle that such occupying tax title purchaser may recover the value of all improvements made by him subsequent to two years after the tax sale or forfeiture for nonpayment of taxes irrespective of his belief in the integrity of his tax title, and regardless of color of title as reflected by his deed or other muniments of title, which appear in his claim."

In the Maggard Case when as owner Wilkins failed to pay taxes in 1922 there was forfeiture, with certification as "part west half," etc. Tapley was donee, and in due course received a deed. He sold nine acres to Maggard under a description conceded to be definite. The grantee took possession and made improvements valued at $2,319 before title was questioned. In 1933 Wilkins sued to quiet and confirm. It was held that forfeiture to the state was void; that Tapley acquired no rights under his donation deed because of uncertain description; that Maggard did not acquire title, but that value of the improvements was protected by the two-year statute of limitation. At that time § 10120 of Crawford & Moses' Digest had not been amended by inclusion of donation certificate holders who had been in actual adverse possession two years.

If appellant forfeited his donation, he likewise forfeited the improvements. This is provided for in the certificate. He cannot, therefore, consistently contend for cost of improvements as distinguished from the land itself.

[8] 190 Ark. 532, 79 S. W. 2d 1003.

[9] Section 10120 of Crawford & Moses' Digest is § 13884 of Pope's Digest.

*Fifth.*—Finally, it is argued that appellant's certificate should prevail over appellee's deed because, in point of time, it had priority.[10]  This might be true if the sale had been consummated, or if forfeiture of appellant's rights under the certificate had not occurred before appellee's deed was issued.

The decree is affirmed.

---

[10] For a somewhat analogous principle, see *Cutrell* v. *Hoover*, 194 Ark. 1085, 110 S. W. 2d 19.