SCHUMAN v. KERBY.

4-6587

158 S. W. 2d 35

Opinion delivered January 26, 1942.

654

*James O. Ward* and *O. T. Ward,* for appellant.

*Henry J. Burney,* for appellee.

SMITH, J.   There is no disputed question of fact in this case, indeed, the controlling facts are recited in a stipulation and are to the following effect.

George W. Dougless owned the original title to the lot here in controversy, but failed to pay the general taxes due thereon for the year 1932. The lot was sold to the state in 1933 for these taxes, and this forfeiture was duly certified after the expiration of the time for redemption. The lot was purchased from the state by and was conveyed to C. L. Ellison by the state land commissioner on September 17, 1936. Ellison conveyed to A. P. Wasen who, on March 8, 1937, conveyed to appellee, Daisy V. Kerby, who has since been in possession through a tenant.

Mrs. Kerby failed to pay the 1936 general taxes, and the lot was sold in 1937, to the state, which forfeiture was duly certified to the state, and on January 9, 1940, M. Schuman, for his wife, F. Schuman, purchased the lot from the state, and received the land commissioner's deed therefor.

It is stipulated that the tax sales for both the years 1932 and 1936 were void, for reasons not necessary here to state.

Suit was filed by the state to confirm the 1936 forfeiture, in which suit both Mrs. Kerby and Mrs. Schuman intervened. Mrs. Schuman alleged her purchase from the state and her acquisition of the title of the original owner.

Mrs. Kerby alleged more than two years' actual possession under her deed from the state land commissioner, and alleged that this possession had cured the invalidity of the sale upon which her title is based. She alleged the invalidity of the 1936 tax sale, and made tender of the amount required to effect a redemption. The court granted Mrs. Kerby the relief prayed, and reserved for future consideration the question of the taxes paid by Mrs. Schuman.

For the reversal of this decree, it is insisted that the tax sale under which Mrs. Kerby claims title was void as having been made without power to sell, in that, included in the taxes for which the land was sold, was a levy of one-third of a mill for the firemen's and policemen's pensions in the city of Little Rock in excess of the five-mill tax which cities may levy. This levy was held unauthorized in the case of *Adamson* v. *City of Little Rock,* 199 Ark. 435, 134 S. W. 2d 558; and its inclusion rendered the tax sale void. *Sherrill* v. *Faulkner,* 200 Ark. 1006, 142 S. W. 2d 229.

Nevertheless, the provisions of § 8925, Pope's Digest, inure to the benefit and for the protection of an occupant under a tax deed based upon such a sale. This section reads as follows: ''No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, or commissioner of state lands, for the nonpayment of taxes, or who may have purchased the same from the state by virtue of any act providing for the sale of lands forfeited to the state for nonpayment of taxes, or who may hold such land under a donation deed from the state, or who shall have held two years actual adverse possession under a donation certificate from the state, shall be maintained, unless it appears that the

plaintiff, his ancestors, predecessors, or grantors, was seized or possessed of the lands in question within two years next before the commencement of such suit or action, and it is hereby intended that the operation of this act shall be retroactive.''

This section, as it plainly appears and as it frequently has been held to be, is a statute of limitation, which, when its provisions are applicable, concludes all inquiry into the validity of a tax sale where the property sold was sufficiently described.

It is insisted that Mrs. Kerby is not entitled to invoke the provisions of this statute, for the reason that she failed to pay the taxes while in possession, and permitted the land to again forfeit to the state on account of the nonpayment of taxes. It was, of course, Mrs. Kerby's duty to keep the taxes paid after obtaining her deed, and she ran the same risk of losing the land as would any other owner of land through a failure to do so, and would have sustained this loss through the sale in 1937 for the 1936 taxes had that sale been valid. But her possession under the deed from the land commissioner concludes the inquiry into the validity of the sale upon which her deed was based, and her failure to pay subsequent taxes did not operate to deprive her of the benefit of this statute.

It is insisted that the continuity of Mrs. Kerby's possession was broken, so that it did not continue for the two full years, through the fact that the lot was sold to an improvement district for the nonpayment of the 1940 improvement district taxes, and that after this sale a receiver was authorized to collect, and did collect, the rents from the lot until the improvement district taxes had been paid.

It appears, however, that Mrs. Kerby had had possession of the lot for more than two years under her deed before the receiver was appointed. Moreover, the continuity of Mrs. Kerby's possession was not broken by the receivership. Mrs. Kerby was at all times, after obtaining her deed, in possession through her tenant. She, herself, collected from her tenant and paid to the receiver

rents as follows: November 22, 1940, $16.12; November 30, 1940, $16.62; January ......, 1941, $24.12. Thereafter, on or about November 12, 1941, at the request of the receiver, Mrs. Kerby permitted him to collect the rents from the tenant until the taxes due the improvement district were paid. The improvement district did not have title to the lot. It had been sold to the district subject to the right of the owner to redeem within five years, and within that period the rents discharged the district's lien; but during all this time Mrs. Kerby was in possession through her tenant. Mrs. Kerby had a title, ripened by her possession, which entitled her to question the validity of the sale under which Mrs. Schuman claims, and although Mrs. Schuman now has the original title, acquired from the original owner, the assertion of that title is barred by the provisions of § 8925, Pope's Digest.

The decree of the court below accords with these views, and it is, therefore, affirmed.