RODGERS v. MASSEY.

4-6686                                        161 S. W. 2d 378

Opinion delivered May 4, 1942.

*E. H. Tharp* and *R. C. Waldron,* for appellant.

*Smith & Judkins* and *O. C. Blackford,* for appellee.

McHANEY, J.   The southeast half of section 2, township 16 north, range 1 east, Lawrence county, forfeited in 1929 for the taxes of 1928 and was sold to the state, and, not having been redeemed in the time provided by law, was certified to the state in 1931. On November 12, 1931, appellant applied for and received a donation certificate to said land from the State Land Commissioner, entered into possession thereof and made certain improvements thereon, his intention being to perfect his donation and get a donation deed thereto. Prior to his accomplishment of this purpose, the legislature of 1934, in special session, by Act 2, extended the time for redemption by owners of lands theretofore sold for taxes to April 10, 1934. On April 3, 1934, E. D. Wells, the then record owner of the lands above described, redeemed same from the state. Wells conveyed same to appellee Massey. Said Act 2 further provides that if land is so redeemed, and there is a donee in possession thereof that has made improvements or betterments thereon, he shall be remitted to the courts to establish his rights, if any.

Appellant brought this action on July 14, 1936, against Wells and appellee in the chancery court, alleging the above facts and that he had made improvements on said lands of the value of $837, for which amount he prayed judgment, and that same be declared a lien on said lands and the lien foreclosed and the land sold, if same is not paid in a reasonable time to be fixed by the court. Appellant evidently filed an amendment to his complaint before an answer was filed by appellee. An amendment was filed January 5, 1938, alleging that said Act No. 2 of 1934 is unconstitutional for three reasons: 1, that it was not in the Governor's call; 2, that it violated vested rights; and 3, that it was not the intent of the act to pre-

vent the Land Commissioner from carrying out the terms of laws then existing.

Appellee answered with a general denial, except he admitted he was the owner of the land and that he had redeemed it from said tax sale, and specifically denied the unconstitutionality of said Act 2, or that appellant had made improvements of the value alleged, or that they were subject to donation. He further alleged by way of cross-complaint that appellant had been in possession thereof since 1932, receiving all the rents and profits and all government payments, which amounts are greatly in excess of the value of improvements and he prayed judgment for such excess, which, in an amendment, was alleged to be $300.

On a trial on conflicting evidence the court found that appellant had received all the rents from 1932 to the time of trial and that such rents, including government payments, were of a greater value than all of the improvements placed thereon by appellant, and that decree should be for appellee who is "the legal owner in fee simple of said lands and who is entitled to possession thereof together with all of the rents and government benefits therefrom for the year 1941. That judgment over for excess rents would probably be uncollectible." Possession was continued in appellant until January 1, 1942, at which time he should surrender same, or appellee should have a writ of assistance. Judgment was entered accordingly. This appeal followed.

This is an action for betterments under Act 2 of the Special Session of 1934. Appellant was in possession under a donation certificate which had not ripened into title and was not even color of title. *Young* v. *Pumphrey,* 191 Ark. 98, 83 S. W. 2d 84. Appellee redeemed under the provisions of said act. The State Land Commissioner canceled the donation certificate and refunded appellant his donation fee of $10 which he accepted without objection. He brought this action under the provisions of said act to recover the value of his improvements. He did not allege in any pleading that he claimed to own said land, but on the contrary alleged that Wells, the record owner,

had redeemed under said act, thereby affirmatively recognizing Wells as the owner who was entitled to redeem as also the validity of said act. All the testimony, both for appellant and appellee, was directed to the value of the improvements made and to the value of the rents and profits. The court found the latter exceeded the former, but declined to give a judgment over, because probably uncollectible. Appellee makes no complaint of this action of the court and appellant could not. The burden of appellant's complaint is that the court offset rents and profits against the value of the improvements. He says: "Our conclusion is that Rodgers should receive pay for the value of his improvements, without interest, to date of decree, and without deduction for rents." And he asserts that in no event should he be charged with rents prior to April 3, 1934, when a redemption was effected. We cannot agree. The betterment statute, § 4658, Pope's Digest, in ejectment actions, provides that any person who, believing himself to be the owner of land, under color of title, improves same and which is judicially determined to belong to another, shall be paid by the successful party the value of such improvements. "It is essential that the improvements be made under color of title." *Nunn* v. *Lynch*, 89 Ark. 41, 115 S. W. 926, 16 Ann. Cas. 852. A donation certificate, not being color of title, appellant could not recover for improvements, except under said Act 2 of 1934. No tender of the value of improvements was necessary as appellant held under a donation certificate. *Beloate* v. *State, ex rel. Atty. Gen'l,* 187 Ark. 17, 58 S. W. 2d 423. This was not an ejectment action, nor one for the possession and, therefore, no tender was necessary under § 4663 of Pope's Digest, and Act No. 7 of 1937, digested as 8925 of Pope's Digest, has no application, because this is not a possessory action. Moreover, the latter is a statute of limitations and was not pleaded, was not even mentioned by appellant until in his reply brief.

We think the court correctly offset the improvements with the rents and profits. In *Emerson* v. *Voight,* 196 Ark. 129, 116 S. W. 2d 348, it was held to quote a headnote: "Since the state's tax deed constitutes color of

title, appellants purchasing from the state land forfeited for taxes and sold at a void tax sale were entitled to a return of the taxes paid and improvements made by them (Pope's Digest, § 4568); but the evidence being sufficient to sustain the finding that the rents and profits were equal to or greater than the taxes paid and improvements made, there was no error in refusing to render a money judgment in favor of appellants.''

We cannot say, from the court's decree, that appellant was held for rents for 1932 and 1933, while in possession under his donation certificate, and prior to redemption, but, if so, it is not shown that the rents for the other years did not equal or exceed the improvement.

Affirmed.