TERRY *v.* DRAINAGE DISTRICT No. 6, MILLER COUNTY.

4-7157 . 178 S. W. 2d 857

Opinion delivered November 29, 1943.

*W. E. Haynie,* for appellant.

*H. M. Barney,* for appellee.

GRIFFIN SMITH, Chief Justice. The litigation is between Terry, holder of a donation deed, and the Drainage District. The District claims through foreclosure for 1931 and 1932 tax delinquencies. Its purchase was confirmed in November, 1934.

State and County taxes were assessed for 1935. Payment not having been made in 1936, the State, *prima facie,* became purchaser and procured confirmation in September, 1939. Act 119 of 1935.

In January, 1939, Terry secured a donation certificate, and in June, 1941, he was given a deed. His suit to quiet title was filed July 25, 1942, against Elmer E. Scott *et al.*—Scott being record owner. The District intervened in August, alleging invalidity of the State's title for want of power of the Collector to sell while title was in the District. *Robinson* v. *Indiana & Arkansas Lumber & Manufacturing Co.,* 128 Ark. 530, 194 S. W. 870.[1] Terry pleaded two years adverse possession under his donation certificate. The District offered to quitclaim for $2,059.80, covering taxes, penalty, interest, and costs for 1931-'41 and intervening years.

The Court correctly found that the Collector's sale to the State was void for want of power. But for acquisition by the District in 1934, the State's lien for 1935 taxes would have attached the first Monday in June. Pope's Digest, § 13770. However, it does not follow that Terry is empty handed, though the State acquired nothing. He had, when suit was filed, held adversely to Scott and the District for more than two years under the donation certificate. Pope's Digest, § 8925. Adverse possession under a donation certificate is given the same effect as possession under a donation deed, Act 7 of 1937.[2]

The certificate set in motion the two-year statute of limitation because the Legislature has so directed. *Wilson* v. *Triplett, Trustee,* 204 Ark. 902, 165 S. W. 2d 943. Construction given the Act of January 10, 1857,[3] is that actual adverse possession of land taken and held continuously

---

[1] *Crowe* v. *Wells River Savings Bank,* 182 Ark. 672, 32 S. W. 2d 617; *Lyle* v. *Sternberg,* 204 Ark. 466, 163 S. W. 2d 147; *Little Red River Levee District No. 2* v. *Moore,* 197 Ark. 945, 126 S. W. 2d 605.

[2] But see limitation in favor of the State mentioned in *Ware* v. *Dazey,* 201 Ark. 116, 144 S. W. 2d 443.

[3] The Act appeared as 5061 of Kirby's Digest, and § 5061 of Crawford & Moses' Digest. Act 7 of 1937 amended § 6947 of Crawford & Moses' Digest adding the words, ". . . or who shall have held two years actual adverse possession under a donation certificate from the state. . . ."

for two years under a donation deed bars an action for recovery, and this is true even though sale by a Collector through which the State claims title is void on account of jurisdictional defects. *Ross v. Royal,* 77 Ark. 324, 91 S. W. 178.[4] A deed which correctly describes the land it purports to convey is color of title, though based on a void sale. *Bradbury* v. *Dumond,* 80 Ark. 82, 96 S. W. 390, 11 L. R. A., N. S. 772.

If the District had delayed foreclosure until sale to the State, confirmation of its purchase and lapse of the period of redemption would have vested title in the District, subject to the State's paramount title. Act 329 of 1939. *The Lincoln National Life Insurance Company* v. *Wilson, Receiver,* 199 Ark. 732, 135 S. W. 2d 846. But the land, while State-owned, was not relieved of District taxes; only the right of enforcement was suspended until return to private ownership. Expressed differently, the State was not required to *discharge* improvement district tax liens, but the *fact* of State-ownership did not extinguish statutory obligations to the District.

The donation certificate was only the State's conditional offer to quitclaim. The subsequent deed, under which Terry had held for thirteen and a half months, conveyed such title as the State had when the deed was issued. *St. Louis Refrigerator & Wooden Gutter Co.* v.

---

[4] *Townson* v. *Denson,* 74 Ark. 302, 86 S. W. 661; *Carpenter* v. *Smith,* 76 Ark. 447, 88 S. W. 976; *Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178; *Wade* v. *Goza,* 78 Ark. 7, 96 S. W. 388; *Dickinson* v. *Hardie,* 79 Ark. 364, 96 S. W. 355; *Bradbury* v. *Dumond,* 80 Ark. 82, 96 S. W. 390, 11 L. R. A., N. S. 772; *Gannon* v. *Moore,* 83 Ark. 196, 104 S. W. 139; *Chicot Lumber Company* v. *Darnell,* 84 Ark. 140, 104 S. W. 1100; *Wagner* v. *Head,* 94 Ark. 490, 127 S. W. 706; *Brinneman* v. *Scholem,* 95 Ark. 65, 128 S. W. 584; *Brandon* v. *Harper,* 124 Ark. 379, 187 S. W. 312; *Black* v. *Brown,* 129 Ark. 270, 195 S. W. 673; *Halliburton* v. *Brinkley,* 135 Ark. 592, 204 S. W. 213; *Norwood* v. *Mayo,* 153 Ark. 620, 241 S. W. 7; *Champion* v. *Williams,* 165 Ark. 328, 264 S. W. 972; *Hutton* v. *Pease,* 190 Ark. 815, 81 S. W. 2d 21; *Sharpp* v. *Stodghill,* 191 Ark. 500, 87 S. W. 2d 577; 86 S. W. 2d 934; *Miller* v. *Watkins,* 194 Ark. 863, 110 S. W. 2d 531, 111 S. W. 2d 466; *McMillen* v. *East Arkansas Investment Company,* 196 Ark. 367, 117 S. W. 2d 724; *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251; *Ware* v. *Dazey,* 201 Ark. 116, 144 S. W. 2d 463; *Patterson* v. *McKay,* 202 Ark. 241, 150 S. W. 2d 196; *Schuman* v. *Kerby,* 203 Ark. 653, 158 S. W. 2d 35; *Rodgers* v. *Massey,* 204 Ark. 225, 161 S. W. 2d 378; *Wilson* v. *Triplett, Trustee,* 204 Ark. 902, 165 S. W. 2d 943; *Chavis* v. *Henry,* 205 Ark. 163, 168 S. W. 2d 610; *Miller* v. *Cache River Drainage District No. 2,* 205 Ark. 618, 170 S. W. 2d 371.

*Langley,* 66 Ark. 48, 51 S. W. 68. When the deed was issued possession related back to the certificate in so far as rights under § 8925 are conferred. It follows that the interest Terry acquired was no greater than the State's.

No decisions construing the limitation Act of 1857 implies that one who has held for two years under a clerk's deed or by donation will be protected to such an extent that betterment assessments, good while title is in the State, and capable of being asserted against a private purchaser and foreclosed, are nevertheless wiped out by a donee's possession for two years. The contrary seems to be true. *Miller* v. *Cache River Drainage District No. 2,* 205 Ark. 618, 170 S. W. 2d 371. The Act of 1857 denies a right of action for recovery or possession of land held adversely [as in the instant case] under a donation deed unless the plaintiff be seized or possessed within two years.

The District's intervention should be treated as a proceeding to preserve for its benefit assessments which would (but for the foreclosure) have become liens subsequent to 1932. It was held in *Crowe* v. *Wells River Savings Bank,* 182 Ark. 672, 32 S. W. 2d 617, that where a road district, through foreclosure, acquired title to lands delinquent for betterment assessments, it could not maintain an action for later liens, since title was in the district. So, here, title passed to appellee in 1934. Under the Crowe decision appellee was powerless to foreclose for 1933 and subsequent assessments unless the rule affecting a road district and that affecting a drainage district organized under the general law of 1909 is different. The District's liens for 1931 and 1932 merged with the purchase, and since title by adverse possession under § 8925 is such that Terry's possession cannot be assailed, result is that the District loses its taxes for those years.

The decree is reversed with directions to quiet title in Terry if within a reasonable time to be determined by the lower court appellant elects to pay assessments that matured subsequent to 1932.

On Rehearing

The District, intervening, alleged: (a) It acquired title "in satisfaction of delinquent . . . taxes . . . for 1931 and 1932, . . . under [Miller Chancery Court] decree of September 17, 1934." (b) The claim of Terry was invalid because his donation certificate, deed, and possession, being based on a tax sale by the county collector at a time when title was in the District, was void. (c) The District was entitled to betterments aggregating $2,059.81, which included delinquencies for years the liens were foreclosed.

We sustained appellant's allegation that the State did not acquire title, but gave effect to § 8925 of Pope's Digest.

The District, as purchaser, is in no stronger position than would be an individual who had bought in the circumstances of this case. It is said in one of the briefs on rehearing that our holding that the District cannot recover 1931 and 1932 assessments, ". . . flies in the face of every opinion of the Supreme Court since *Turley* v. *St. Francis County Road Improvement District No. 4,* 171 Ark. 939, 287 S. W. 196." In the Turley case it was held that, while sale to the State for nonpayment of general taxes had the effect of *suspending enforcement* of a special road tax lien, the obligation was not extinguished. In commenting upon § 5433 of Crawford & Moses' Digest, Chief Justice McCulloch said:

"The words 'all demands, executions, incumbrances or liens whatsoever created' have no reference to the State's paramount lien for taxes. But the words which follow unmistakably carry the meaning that the special taxes of the improvement district shall continue until fully paid, and are not extinguished . . . [and may be] enforced when the land goes back into private ownership."

The principal point decided in the Turley case was that the District did not lose its lien because of the State purchase.

In the appeal before us the District, as proprietor, permitted Terry to occupy within the meaning of § 8925,

mistakenly believing, as it now appears, that purchase at the foreclosure sale and confirmation prior to the 'first Monday in June, 1935, relieved the District of the necessity of guarding against consequences of possession by one who donated from the State—this because, as it is conceded, the State was without power to sell. But it *did* sell, and the land was certified to the Land Commissioner, who issued a voidable certificate. Unfortunately, from the District's standpoint, the certificate was color of title. *Bradbury* v. *Dumond, supra.*

Effect of the two-year statute can only be avoided by overruling many cases, beginning with *City of Fort Smith* v. *McKibbin,* 41 Ark. 45. See *Board of Levee Inspectors of Chicot County* v. *Southwestern Land & Timber Co.,* 112 Ark. 467, 166 S. W. 589; *Western Clay Drainage District* v. *Wynn,* 179 Ark. 988, 18 S. W. 2d 1035; *Hart* v. *Sternberg,* 205 Ark. 929, 171 S. W. 2d 475.

Other than the limitation provided by § 8925 of Pope's Digest, Terry did not expressly plead that the District's right to collect assessments for years subsequent to 1932 was barred.

The petition for rehearing is denied.