TERRY *v.* SCOTT.

4-7684                            188 S. W. 2d 309

Opinion delivered June 18, 1945.

*W. E. Haynie* and *T. B. Vance,* for appellant.

*Barney & Quinn,* for appellee.

GRIFFIN SMITH, Chief Justice. In *Terry* v. *Drainage District No. 6 of Miller County,* 206 Ark. 940; 178 S. W. 2d 857, this Court's opinion of November 29th, 1943, gave effect to the plaintiff's plea of adverse possession under § 8925 of Pope's Digest. It was held, however, that while the District's liens for 1931 and 1932 merged with the sale and purchase, betterment assessments for years subsequent to 1932 were not impaired, and the District's-intervention in Terry's suit against Scott and others was treated as a proceeding to preserve its security. On rehearing there was a finding that "The District was entitled to [amounts] aggregating $2,059.81, which included delinquencies for the years the liens were foreclosed."

Direction was that title be quieted in Terry if within a reasonable time, to be determined by the Chancery Court, the appellant elected ". . . to pay assessments that matured subsequent to 1932."

Shortly after this Court's mandate issued, Terry moved the trial court to enter a decree, precedent for which was tendered. Effect, *prima facie,* would have been to quiet the petitioner's title, on condition that assessments maturing subsequent to 1932 be paid within ninety days. The District, by oral motion, asked the court to determine what assessments accrued subsequent to

1932 and to fix a time within which these should be paid; and, if not paid, to be declared a lien. Terry then demanded that written pleadings be filed alleging a meritorious defense. He subsequently filed answer, claiming the District's motion was inconsistent with the Supreme Court mandate, in that it would "raise an issue" not within the original pleadings. Briefly, the contention was that there had never been any competent evidence showing that assessments subsequent to 1932 were legally levied. *Laches* and the three year statute of limitation were pleaded. There was the further claim that the property had been improved to the extent of $1,200.

We think the Chancellor was correct in declining to reopen the issue relating to betterment assessments and in fixing a period of six months within which the betterments should be paid, on penalty of foreclosure thereafter. There was no contention when the case was here before that the item of $2,059.81 was not correct; nor is it now contended that $1,710.09 is erroneous if $2,059.81 "covering taxes, penalty, interest and costs for 1931-'41 and intervening years" was then the appropriate sum. The District's pleadings and proof (when the case was here on first appeal) supported a finding as to the amount.

The opinion shows that the District properly proved its claim, and it must prevail except as to 1931 and 1932 betterments which merged with its judgment and foreclosure. Terry did not at that time challenge the method by which assessments were made, nor did he assert that installments for 1933 and subsequent years were barred by limitations. We think it is now too late to adjudicate the matters raised in the instant appeal. *Holthoff* v. *State Bank & Trust Co. of Wellston, Missouri; Johnson* v. *Kersh Lake Drainage District; Fish* v. *Kersh Lake Drainage District, ante,* p. 307, 186 S. W. 2d 162.

Affirmed.