FULLER *v.* TERRILL.

5-1094                                    295 S. W. 2d 625

Opinion delivered November 26, 1956.

*J. B. Milham,* for appellant.

*F. O. Butt,* for appellee.

SAM ROBINSON, Associate Justice. This suit was filed by Billy and Marian Terrill to confirm their title to Lot 8, Block 168, Riley and Armstrong Survey, in the City of Eureka Springs, Arkansas. The appellant, C. A. Fuller, filed an intervention, claiming to be the owner. The issue is whether the Terrills have acquired title to the property by a deed from the State, coupled with the payment of taxes for more than seven consecutive years. The land is unimproved and uninclosed. Ark. Stats. § 37-102 provides: "Uninproved (unimproved) and uninclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act (section) unless he and those under whom he claims shall have paid such taxes for at least seven (7) years in succession, and not less than three (3) of such payments must be made subsequent to the passage of this act."

The problem is whether the deed from the State to the Terrills constitutes color of title. If the deed does carry color of title, then the Terrills must prevail, there being no dispute about their having paid the taxes for more than the seven year period.

Lot 8 was conveyed to Fuller by the Crescent Hotel Company in 1925, and, in 1929, he got another deed to an interest in the property from A. G. Ingalls and his wife, Lelia Ingalls. In the year 1947 the County Clerk

of Carroll County certified that Lot 8 had been omitted by mistake from the list of property certified to the State in 1935 for non-payment of the 1931 taxes. Subsequently, the State Land Commissioner deeded the lot to the Terrills. The record is convincing that the taxes were paid for the year 1931 and that the property should not have been certified to the State as being delinquent for that year. In the circumstances shown here, the deed from the State Land Commissioner to the Terrills is void. But, even though it is void the question is, does it carry color of title; and we have held repeatedly that a void deed from the State Land Commissioner constitutes color of title. *Cayce* v. *Nordin, Trustee,* 221 Ark. 383, 253 S. W. 2d 338, citing *Culver* v. *Gillian,* 160 Ark. 397, 254 S. W. 681; *Bradbury* v. *Dumond,* 80 Ark. 82, 96 S. W. 390; 11 L. R. A., N. S. 772; *McKewen* v. *Allen,* 80 Ark. 181, 96 S. W. 392; *Brandon* v. *Parker,* 124 Ark. 379, 187 S. W. 312; *Terry* v. *Drainage District No. 6, Miller Co.,* 206 Ark. 940, 178 S. W. 2d 857; and *Skelly Oil Co.* v. *Johnson,* 209 Ark. 1107, 194 S. W. 2d 425.

The appellees have color of title even though their deed from the State is void, and, by the payment of taxes on wild and unimproved land for seven years under color of title, they acquired a valid title. Mr. Fuller has lost the lot by the law of adverse possession.

Affirmed.