BESHEA *v.* VLAZNY.

5-1402                                          309 S. W. 2d 28

Opinion delivered January 20, 1958.

*W. H. Kitchens, Jr.*, and *A. R. Cheatham*, for appellant.

*J. W. Patton, Jr.*, for appellee.

SAM ROBINSON, Associate Justice. This action was filed in 1955 by appellants to clear the title to twenty acres of land. The property was sold for delinquent taxes for the year 1941. The tax deed was issued to Mrs. Vlazny, the appellee, in 1944, and she paid the taxes each year thereafter. At one time she offered to convey the property to appellants if they would reimburse her for what she had been out in taxes, but her offer was not accepted. The tax deed gave appellee color of title. *Fuller* v. *Terrill,* 226 Ark. 1040, 295 S. W. 2d 625; *Cayce* v. *Nordin, Trustee,* 221 Ark. 383, 253 S. W. 2d 338; *Bradbury* v. *Dumond,* 80 Ark. 82, 96 S. W. 390; *McKewen* v. *Allen,* 80 Ark. 181, 96 S. W. 392; *Brandon* v. *Parker,* 124 Ark. 379, 187 S. W. 312; *Terry* v. *Drainage Dist. No. 6, Miller Co.,* 206 Ark. 940, 178 S. W. 2d 857; *Skelly Oil Co.* v. *Johnson,* 209 Ark. 1107, 194 S. W. 2d 425.

Ark. Stat., § 37-102, provides:

"Unimproved and uninclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act (section) unless he and those under whom he claims shall have paid such taxes for at least seven (7) years in succession, and not less than three (3) of such payments must be made subsequent to the passage of this act."

It is conclusive that Mrs. Vlazny has color of title and paid the taxes for more than seven years in succession. She therefore acquired good title by adverse possession if the lands were unenclosed and unimproved.

This was a question of fact, and we cannot say the Chancellor's finding that the lands were unenclosed and unimproved is against the preponderance of the evidence. Perhaps at one time the property had been improved to some extent and may have been enclosed by some kind of fence, but the evidence is convincing that at the time of the forfeiture for nonpayment of taxes and at the time of the issuance of the tax deed the property was not enclosed nor was it improved. If it had ever been improved, it had reverted to a state of nature.

In *Moore* v. *Morris*, 118 Ark. 516, 177 S. W. 6, it is stated:

"The statute applies only to 'unimproved and uninclosed land'; that is to say, land that is wild and in a state of nature. This does not mean, however, that the lands must never have had any other status, for improved lands may be permitted to return to a state of nature. The statute relates to the condition of the lands at the time the payment of taxes is made under color of title, regardless of the former state of the lands; and if at that time they are unimproved and uninclosed, that is to say in a wild state as before the improvements were first made, then they fall within the terms of the statute and such payments amount to occupancy which will in course of time ripen into title by limitation."

See, also, *Wimberly* v. *Norman*, 221 Ark. 319, 253 S. W. 2d 222.

Appellant Cheatham makes the further contention that he has an interest in the property and that the Soldiers' and Sailors' Relief Act gives him the right to redeem at this late date. The record, however, does not show that Mr. Cheatham owns any interest in the property.

Affirmed.